

CORPORATION SERVICE COMPANY®

# Notice of Service of Process

SLM / ALL
Transmittal Number: 6915900
Date Processed: 08/21/2009

| | |
|---|---|
| Primary Contact: | Pamela Hoff<br>The Travelers Companies, Inc.<br>385 Washington Street,  MC 515A<br>Saint Paul, MN 55102 |

| | |
|---|---|
| Entity: | Travelers Casualty and Surety Company of America<br>Entity ID Number  2319288 |
| Entity Served: | Travelers Casualty and Surety Company of America |
| Title of Action: | Kearney Construction Company vs. Travelers Casualty and Surety Co. of America |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Hillsborough County Circuit Court, Florida |
| Case Number: | 09 20354 Div: G |
| Jurisdiction Served: | Florida |
| Date Served on CSC: | 08/21/2009 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Electronic SOP |
| Plaintiff's Attorney: | Jesse L. Ray<br>813-270-7152 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com



EXHIBIT

A



**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services



09-44429

| | |
|---|---|
| KEARNEY CONSTRUCTION COMPANY LLC., | CASE #:   09 20354 DIV: G |
| | COURT:   CIRCUIT COURT |
| PLAINTIFF(S), | COUNTY:   HILLSBOROUGH |
| | DFS-SOP#:  09-44429 |
| VS. | |
| TRAVELERS CASUALTY AND SURETY CO. OF AMERICA, | |
| DEFENDANT(S). | |

SUMMONS, COMPLAINT

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on the 20th day of August, 2009 and a copy was forwarded by Electronic Delivery on the 21st day of August, 2009 to the designated agent for the named entity as shown below.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
LYNETTE COLEMAN  (gbarber@cscinfo.com)
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE FL 32301

* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Alex Sink*

Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

JESSE L. RAY, ESQUIRE
STE 628
8870 N. HIMES AVENUE
TAMPA  FL 33614

TSC

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT FOR
HILLSBOROUGH COUNTY, FLORIDA**

KEARNEY CONSTRUCTION COMPANY
LLC.,

     Plaintiff,

                         Case No.:  09 20354

vs.                          Division:  G

TRAVELERS CASUALTY & SURETY CO.
OF AMERICA,

     Defendant.

**SUMMONS**
(Civil Action)

THE STATE OF FLORIDA
TO EACH SHERIFF OF SAID STATE:

     YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

TRAVELERS CASUALTY & SURETY CO. OF AMERICA
c/o Chief Financial Officer as RA
PO Box 6200 (32314-6200)
200 E. Gaines St.
Tallahassee, FL 32399-0000

     Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney, whose name and address are as follows:

JESSE L. RAY
RAY WAGONER, P.A.
8870 N. HIMES AVE., # 628
TAMPA, FL 33614

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____AUG 1 8 2009_____

                                   Clerk of the Court

                                 By    *LaKESHA MILLS*
                                         Deputy Clerk

## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT FOR HILLSBOROUGH COUNTY, FLORIDA

KEARNEY CONSTRUCTION COMPANY
LLC.,

      Plaintiff,

vs.

TRAVELERS CASUALTY & SURETY CO.
OF AMERICA.

      Defendant.

_____/

Case No.:
Division:

09   20854

**DIVISION G**



### COMPLAINT

Plaintiff KEARNEY CONSTRUCTION COMPANY LLC. (herein "Kearney" or

"Plaintiff"), by and through undersigned counsel, bring this Complaint against TRAVELERS

CASUALTY & SURETY CO. OF AMERICA (herein "Travelers" or "Defendant"), and states:

### INTRODUCTION

1.    Plaintiff bring this Complaint against Defendant, and allege claims for (1) fraudulent

inducement, (2) breach of good faith and faith dealing, and (3) tortious interference.

### JURISDICTION AND VENUE

2.    This is an action which exceeds $15,000 in damages excluding interest, costs and

attorneys fees.

3.    Venue is proper because a substantial amount of the actions described in this Complaint

took place in Hillsborough County, Florida.

### PARTIES

4.     Plaintiff KEARNEY CONSTRUCTION COMPANY LLC. is a limited liability company organized and existing under the laws of the State of Florida doing business in Hillsborough County, Florida.

5.     Defendant TRAVELERS CASUALTY & SURETY CO. OF AMERICA is corporation headquartered in Connecticut doing business throughout Florida, including Hillsborough County.

## NATURE OF THE CASE

6.     This case involves the fraudulent inducement and tortious interference of TRAVELERS CASUALTY & SURETY CO. OF AMERICA regarding the surety bonding of KEARNEY CONSTRUCTION COMPANY LLC..

7.     TRAVELERS CASUALTY & SURETY CO. OF AMERICA ("Travelers") is a Property and Casualty Insurance company which offers a wide variety of property and casualty insurance and surety products and services to businesses, organizations and individuals in the United States and in selected international markets. Travelers' claims on its website that its success is "built upon our ability to provide innovative insurance and risk protection products and services in-synch with our customers' needs."

8.     Travelers had a long standing business relationship with Kearney Construction, Inc., and Kearney Development Co., Inc.. The Kearney companies have been with Travelers (or its predecessor) since 1989.

9.     On February 22, 2008, Plaintiff had obtained bonding for a single job for 40 Million Dollars and an aggregate of 100 Million Dollars.

10.    On July 16, 2008, Plaintiff had obtained bonding for a single job for 40 Million Dollars and an aggregate of 100 Million Dollars.  Further, at that same time period, Plaintiff had received

2

150 Million bonding capacity letter from Bottrell Agency, Travelers' authorized agent in Jackson Mississippi.

11.    In August 2008, after 20 years of a long standing business relationship based on trust and confidence, agents of Travelers fraudulently induced and/or unlawfully coerced Plaintiff into entering into personal guarantee in order to continue the bonding relationship.

12.    To induce Plaintiff into entering into personal guarantee, Defendant represented that they would continue to do business with Plaintiff in good faith and alternatively that if Plaintiff would not sign the guarantee, that Plaintiff would not get future bonds.

13.    Plaintiff reasonably relied on these representations, and additionally relied on the course of conduct between the parties over the past years when agreeing to these personal guarantees.

14.    Travelers induced Plaintiff into entering into contracts regarding continuing the bonding relationship between Plaintiff and Travelers which had personal guarantees knowing what was happening both in the overall surety industry, and in other industries that directly affected Plaintiff.

15.    Plaintiff reasonably relied on Travelers misrepresentations and non-disclosures and has suffered substantial financial losses.

16.    At the time Travelers was making these representations, Travelers knew or should have known that surety losses were historically a trailing indicator of the economic downturn.

17.    Travelers' superior knowledge, along with public knowledge of the downturn in the economy, should have reasonably and timely informed the surety industry insiders to see an effect on its industry that would not have been apparent to non-insiders of the surety industry (such as Plaintiff).

3

18.   During all relevant times, most sureties (especially those with the experience and market control) such as Travelers anticipated slow or no growth with reasonable expectations for potential increases in material claim activity for 2009.  History demonstrated claims activity increased proportionately with corporate credit defaults and then was trailed 12-18 months later by deterioration in surety's results.

19.   Industry insiders such as Defendant would have also been aware that Standard & Poor's 2008 corporate debt defaults predicted the surety industry performance would deteriorate well into 2010.

20.   Because of the nature of the relationship between the parties, surety companies such as Defendant are in fact, long term business partners with the companies they do business with, such as Plaintiff.

21.   During their course of business and due to the substantial business advice, Defendant created a position of trust and confidence with Plaintiffs.

22.   Even when there are changes in economic conditions causing sureties to be justifiably more cautious, the fundamentals of the industry remain unchanged and parties with proven track records and strong financials should naturally continue to receive ample surety credit under reasonable terms.

23.   Further, sureties should attempt to engage and give the benefit of the doubt to companies, such as Plaintiff, who were willing to engage in open and honest interaction with sureties. Kearney Construction Company LLC and its predecessors (a three generation business) have had 53 continuous years of successful construction experience. Kearney Construction Company LLC and its predecessors have always been properly financed, capably managed and well equipped.

Kearney Construction has never defaulted on any project of any kind, and to date has properly manned all of the projects and its obligations.

24.     Sureties must honor all of their contractual obligations in any of the documents they enter into, and to accept any oral and/or informal agreements that their agents provided within the course and scope of their employment to parties such as Plaintiff that reasonably induced them into continuing to do business with Travelers.

25.     Based upon Travelers position of trust and confidence, and based on numerous repetitive representations (both express misrepresentations and implicit misrepresentations) that Travelers would continue to do business with Plaintiff in a fair and reasonable manner for the reasonably foreseeable future, Plaintiff (along with Bing Charles W. Kearney, Jr., Brian W. Seeger and Alan G. Payne) entered into personal guarantees regarding Plaintiffs' surety bonding on August 7, 2008.

26.     Plaintiffs received no consideration for these personal guarantees.

27.     At the time that Travelers agents made these representations, Travelers as a corporate entity knew or should have known that these representations were false, and/or made with reckless disregard to their truth or falsity. These representations were made with premeditation.

28.     Plaintiff reasonably relied on Travelers' misrepresentations, intentional or reckless omissions and non-disclosures to Plaintiff's detriment, by agreeing to personal guarantees to preserve a long term relationship that Travelers knew (or should have known) it would be discontinuing in the future.

29.     Travelers also knew or should have known that that 80% of future construction work, including the funding of work generated by the federal government's various stimulus plans, would not be available the Kearney companies without bonding.

30.     Travelers actions were made knowingly and willfully, with the intent to coerce Plaintiff into either entering a bonding agreement requiring Plaintiff to provide excessive and unreasonable amounts of collateral to continue to do their business.

31.     Alternatively, Travelers has set Plaintiff up for failure, intentionally or recklessly inflicting substantial financial harm to Plaintiff from Travelers interference with Plaintiff's businesses with the intent of inflicting intentional financial harm and then recouping any losses from Plaintiff's personal guarantee.

32.     Defendant had gained substantial inside knowledge from Plaintiffs during an exam by Travelers' three person team of financial experts from June 30 at 1pm until July 1.

33.     On or about July 2009, Travelers notified Plaintiffs that, despite their past practices and course of conduct, Travelers would only continue their bonding relationship if Plaintiffs put up approximately Five Million Dollars of collateral.  There was absolutely no notice regarding this requirement or the amount of the new collateral requirement.

34.     Travelers has taken this position despite its actual and constructive knowledge regarding the damage that this arbitrary and capricious decision will have on Plaintiff's long standing local businesses.

35.     Travelers continues to inflict economic harm on Plaintiff by the intentional and/or reckless actions of its agents.

36.     These acts include, but are not limited to, Travelers' employee and agent, Mark S. Marino, sending a letter on or about 7/24/09 to all of Plaintiffs ongoing construction projects that stated that Plaintiffs were "experiencing financial difficulty" and were in default of the agreement Plaintiffs had with Travelers.

6

37.    In this same letter, Travelers "demands that any and all payment now due, or become due, to Kearney of any kind… be directed to Travelers." This letter threatens that "any disposition of contract funds not consistent with the legal and equitable rights of Travelers may be considered to be a breach of your legal and equitable duties to the surety."

38.    Travelers' employee and agent, Mark S. Marino, told Plaintiffs that this letter would not be sent.

39.    Despite Travelers' employee and agent, Mark S. Marino's, representations, the letters were overnighted on July 24 2009 to all of Plaintiff's clients. While this letter instructed anyone with questions to contact Travelers' employee and agent Mark S. Marino, this same agent of Travelers email response stated that Mr. Marion went on vacation and would not return until August 7, 2009.

40.    These letters were intentionally and premeditatedly mailed to Plaintiff via regular mail, and the project owners by priority or overnight mail to ensure that Plaintiff did not receive it first. Plaintiff received its copy of the letter on July 29, 2009.  Defendant also overnighted another copy of the letter on July 28, 2009 that was received on July 29, 2009.

41.    There is no contractual basis for Travelers to require project owners to release funds to Travelers instead of Plaintiffs.

42.    This letter has caused various existing and future clients to refuse to do business with Plaintiff causing substantial irreparable economic injury to Plaintiff.

43.    Plaintiffs are not properly in default.  If Defendant Travelers would discuss in good faith what was actually going on with Plaintiffs, the purported default is debt that is based on paper liability (a debt that is based on an unfounded claim).

7

44.     Alternatively, Travelers knew, or should have known, that its actions would substantially impair Plaintiffs ability to perform under its obligations to various lenders, customers and vendors.  By pragmatically refusing to bond Plaintiffs, Defendants knew, or should have known, that Plaintiffs would not be able to perform under various contractual agreements with lenders, customers and vendors.

45.     Travelers actions have caused Plaintiffs to lose numerous contracts and suffer substantial financial harm above and beyond the actual loss of certain contracts. Plaintiffs' damages include, but are not limited, to all damages recognized under any legal theory.  Plaintiff's damages include, but are not limited to, all actual damages, loss of equity in equipment, lost future earning capacity, tortuous inference with future business relationships, costs to start company up again, the business damage from losing key employees to competitors, as well as defamation and reputational damages.  Plaintiff's damages claims based on the actions and inactions of Defendant are in excess of a hundred million dollars.

46.     Travelers terminated their relationship with Plaintiffs on April 30, 2009 and is currently refusing Plaintiffs requests for a meeting or any kind.


## FIRST CLAIM
### (FRAUDULENT INDUCEMENT)

47.     Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1 – 46 (above) as if set forth herein in full.

48.     The elements necessary to state a cause of action for fraud in the inducement are: a false statement concerning a material fact; knowledge by the person making the statement that the

representation is false; intent by the person making the statement that the representation will induce another to act upon it; and reliance on the representation to the injury of the other party.

49.     Defendant and/or its authorized agent made numerous false statements concerning a material fact, specifically that Travelers would continue to do business with Plaintiff in a fair and reasonable manner for the reasonably foreseeable future.

50.     At the time that Defendant and/or its authorized agent made the misrepresentations to Plaintiff, Defendant and/or its authorized agent knew that these statements were false or, in the alternative, made the statements with reckless disregard as to their truth or falsity.

51.     At the time that Defendant and/or its authorized agent made the misrepresentations to Plaintiff, Defendant and/or its authorized agent knew that the representation was false due to their superior insider knowledge of the surety industry, and was in a better position to ascertain the truth of these statements than Plaintiff.

52.     Defendant and/or its authorized agent made the statements to Plaintiff with the specific intent of inducing Plaintiff to agree to personal guarantees when it knew that it would quit issuing bonds to Plaintiff and cause other intentional economic harm.

53.     Plaintiff accepted the statements of Defendant (made by its representatives) and thereby justifiably, reasonably and detrimentally relied upon Defendant's misrepresentations.

54.     Defendant's misrepresentations were the direct and proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff requests this court enter a judgment against Defendant, rescind or invalidate the contractual guarantees, award all damages and restitution, and all other relief the Court deems just.

## SECOND CLAIM

9

## (BREACH OF GOOD FAITH AND FAIR DEALING)

55.     Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1 – 46 (above) as if set forth herein in full.

56.     This is an action against Travelers for breach of its duty of good faith and fair dealing, all conditions precedent to filing this claim have occurred, been satisfied or waived.

57.     Travelers breached its duty of good faith and fair dealing by fraudulently inducing Plaintiff into entering personal guarantees by misrepresenting to project owners and Plaintiff clients Travelers rights in the July 2009 letter, and other acts designed to interfere with Plaintiff's ability to continue doing business.

58.     Plaintiff has incurred immeasurable damages and expenses due to Travelers' breach of its duty of good faith and fair dealing.

WHEREFORE, Plaintiffs request this court enter a judgment against Defendant, rescind or invalidate the contractual guarantees, award all damages and restitution, and all other relief the Court deems just.

### THIRD CLAIM
### (TORTIOUS INTERFERENCE)

59.     Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1 – 46 (above) as if set forth herein in full.

60.     Travelers can be held liable for the actions and inactions of its agents through principles of vicarious liability and/or alternatively, respondent superior.

61.     All actions and inactions by Travelers' agents were made within the scope of their agency.

62.     Travelers tortious interference with Plaintiff include, but is not limited to, Travelers
agent, Mark S. Marino, sending a letter on or about 7/24/09 to all of Plaintiffs ongoing
construction projects that stated that Plaintiffs were "experiencing financial difficulty", that
stated Plaintiffs were in default of the agreement Plaintiffs had with Travelers, and demanding
"any and all payment now due, or become due, to Kearney or any kind… be directed to
Travelers." This letter threatens that "any disposition of contract funds not consistent with the
legal and equitable rights of Travelers may be considered to be a breach of your legal and
equitable duties to the surety."

63.     Travelers' agent, Mark S. Marino, told Plaintiffs that this letter would not be sent and
then the letter was mailed out on July 24, 2009 to all of Plaintiffs' clients. This letters was
intentionally and maliciously mailed to Plaintiffs via regular mail, and the project owners by
priority or overnight mail to ensure that Plaintiffs did not receive it first.  While this letter
instructed anyone with questions to contact Travelers' agent, Mark S. Marino, this same agent of
Travelers immediately went on vacation and would not return until August 7, 2009. Travelers'
agent knew or should have known that he was going on vacation.

64.     There is no contractual basis for Travelers to require project owners to release funds to
Travelers instead of Plaintiffs.  Plaintiffs are not properly in default.  If Defendant Travelers
would discuss in good faith what was actually going on with Plaintiffs, they would discover that
their purported default is based on paper liability (a debt that is based on an unfounded claim).

65.     This letter has caused various vendors and customers to refuse to do business with
Plaintiffs causing substantial economic injury to Plaintiffs.

WHEREFORE, Plaintiffs request this court enter a judgment against Defendant, rescind or

invalidate the contractual guarantees, award all damages and restitution, and all other relief the

Court deems just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray the Court for the following relief:

1.      That Judgment be entered against Defendant TRAVELERS CASUALTY &

SURETY CO. OF AMERICA;

2.      That the Court invalidate or void the personal guarantees of Plaintiffs to

Defendant.

3.      That Plaintiff recover Judgment against Defendant TRAVELERS CASUALTY &

SURETY CO. OF AMERICA in an amount to be shown at trial;

4.      That Defendant TRAVELERS CASUALTY & SURETY CO. OF AMERICA be

taxed the costs of this action; and

5.      That the Court order such other and further relief as it deems necessary.

## DEMAND FOR JURY TRIAL

Plaintiff Demand a Jury Trial on all Issues so Triable.


DATED: This _____ day of August, 2009.



_____
Jesse Ray, Esq.
RAY WAGONER, P.A.
8870 N. Himes Ave. # 628
Tampa, FL 33614
(T) 813-270-7152

(F) 866-523-5468
jray@raywagoner.com
FBN: 0919101

Attorney for the Plaintiff

8870 N HIMES AVE
SUITE 628
TAMPA, FL 33614

WWW.RAYWAGONER.COM

# RAY WAGONER, P.A.

JESSE RAY, ESQ.
RACHEL M WAGONER, ESQ.

TEL: (813) 270-7152
FAX: (866) 523-5468

6/18/2009

TRAVELERS CASUALTY & SURETY CO. OF AMERICA
c/o Florida Chief Financial Officer as RA
200 East Gaines Street
Tallahassee, FL 32399-4201

Re:   KEARNEY CONSTRUCTION COMPANY LLC., v. TRAVELERS CASUALTY & SURETY
      CO. OF AMERICA, Case Number: 09-20354

To Whom It May Concern:

   In response to your 8/14/09 letter (copy enclosed), please find enclosed the original
corrected summons and 2 copies of the corrected summons, a $15 check, and a self addressed
stamped envelope for the return of service. If there is anything else that you need from me,
please contact me at 813-270-7152.

Sincerely,

Jesse L. Ray

1

8870 N HIMES AVE
SUITE 628
TAMPA, FL 33614

WWW.RAYWAGONER.COM

# RAY WAGONER, P.A.

JESSE RAY, ESQ.
RACHEL M WAGONER, ESQ.

TEL: (813) 270-7152
FAX: (866) 523-5468

6/12/2009

Florida Chief Financial Officer as RA
200 East Gaines Street
Tallahassee, FL 32399-4201

Re:   KEARNEY CONSTRUCTION COMPANY LLC., v. TRAVELERS CASUALTY & SURETY
      CO. OF AMERICA, Case Number: 09-20354

To Whom It May Concern:

Please find enclosed the original summons and 2 copies of the summons, along with two copies of the complaint filed 8/12/09, a $15 check, and a self addressed stamped envelope for the return of service.  If there is anything else that you need from me, please contact me at 813-270-7152.

Sincerely,

Jesse L. Ray

RECEIVED IN SERVICE
SECTION
2009 AUG 13 AM 8: 43
BY _____
OF FINANCIAL SERVICES

1

| CORRESPONDENCE | | | |
|---|---|---|---|
| **PENDING PACKETS -624** | **REJECTED PACKETS - 624** | | |
| **COMMAND LINE** | **CERTIFICATE OF AUTHORITY** | **WORKERS' COMPENSATION** | |
| Command line on Summons missing | Court Ordered Date: | Improper Service: | |
| Command line and Style on Summons are different | Merged to: Date: | Process not signed: | |
| DFS of Chief Financial Officer listed on Command line | Name changed to: | **DEPARTMENT SERVICE** | |
| Style of Summons and Complaint are different | Date name changed: | Improper service | |
| **FEE** | Withdrawn date: | **AUTHORIZATION** | |
| Fee not included | Surrendered date: | **SPECIAL INSTRUCTIONS** | |
| Check – inaccurate amount | Name not accurate | | |
| Check – inaccurate payee | FIGA | | |
| Check not signed | HMO | | |
| Fee not included | JUA | | |
| Check – inaccurate amount | Not Agent | | |
| Check – inaccurate payee | Unauthorized | | |
| 2nd process fee | Service on an individual | | |
| **ITEMS MISSING** | Statute cited incorrectly | | |
| Summons | 768.28 packets | **SUPERVISOR'S INITIALS** | |
| Complaint | Improper Service. | | |
| Summons not validated | Return Check | | |
| Subpoena/Summons not signed | Not a 768.28 Process | | |
| Original Summons not received | Improper Subpoena/Summons | | |
| Incomplete Summons | | | |
| Incomplete Complaint | | | |
| Other: | | | |

Operator:
LULA

RECEIVED IN SERVICE
Date stamp:
2009 AUG 19  AM 8:43

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT FOR
HILLSBOROUGH COUNTY, FLORIDA


KEARNEY CONSTRUCTION COMPANY
LLC.,
     Plaintiff,

                           Case No.:    **09   20354**

vs.                           Division:    **DIVISION G**

TRAVELERS CASUALTY & SURETY CO.
OF AMERICA,

        Defendant.

<u>SUMMONS</u>
(Civil Action)

THE STATE OF FLORIDA
TO EACH SHERIFF OF SAID STATE:

    YOU ARE HEREBY COMMANDED to serve this summons and a copy
of the complaint or petition in this action on defendant:
               Chief Financial Officer
               PO Box 6200 (32314-6200)
               200 E. Gaines St.
               Tallahassee, FL 32399-0000

    Each defendant is required to serve written defense to the
complaint or petition on Plaintiff's Attorney, whose name and
address are as follows:
               JESSE L. RAY
               RAY WAGONER, P.A.
           8870 N. HIMES AVE., # 628
              TAMPA, FL 33614

within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the
defenses with the Clerk of this Court either before service on
Plaintiff's attorney or immediately thereafter.  If a defendant
fails to do so, a default will be entered against that defendant
for the relief demanded in the complaint or petition.

DATED on _____AUG 1 2 2009_____             Clerk of the Court

                                     Julie E. King

                             By _____
                               Deputy Clerk

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**



09-43120

Florida Department of Financial Services

---

08/14/2009

JESSE L. RAY, ESQUIRE
STE 628
8870 N. HIMES AVENUE
TAMPA  FL 33614

| | |
|---|---|
| CASE NO.: | 09 20354 DIV: G |
| COUNTY: | HILLSBOROUGH |
| COURT: | CIRCUIT COURT |
| DFS-SOP NO.: | 09-43120 |
| PLAINTIFF: | KEARNEY CONSTRUCTION COMPANY LLC |
| DEFENDANT: | |

---

Your process has been delivered to our office, however the process will be held for thirty (30) days in order for you to take the necessary action listed below.  If we have not received the required item/items, we will return the process to your office after the thirty day hold period.

In order to serve a Summons on an Insurance Company, we must have a Command/Serve Line on the Summons. The Command/Serve Line must be specific and indicate the designated Insurance Company to be served.  The current, accurate name of the Company must appear FIRST on the Command/Serve Line but may be followed by a f/k/a Company Name or by the phrase--In Care Of The Chief Financial Officer.  Remember only one Insurance Company can be served per Subpoena or Summons.

Your check for the service fee is attached.  Please return the service fee and this letter with the original, validated Summons and two copies of the Summons.  Upon receipt of these items, your process will be accepted and served.

Please contact our office for further assistance.

Sincerely yours,


Jane Wesselman, C.P.M.
Staff Assistant
Service of Process
Telephone 850-413-4290

Enc.  Summons and Check 1024 in the amount of $15.00 made payable to Department of Financial Services

**ALEX SINK
CHIEF FINANCIAL OFFICER
STATE OF FLORIDA**

Florida Department of Financial Services



09-43120

08/14/2009

JESSE L. RAY, ESQUIRE
STE 628
8870 N. HIMES AVENUE
TAMPA  FL 33614

| | |
|---|---|
| CASE NO.: | 09 20354 DIV: G |
| COUNTY: | HILLSBOROUGH |
| COURT: | CIRCUIT COURT |
| DFS-SOP NO.: | 09-43120 |
| PLAINTIFF: | KEARNEY CONSTRUCTION COMPANY LLC |
| DEFENDANT: | |

Your process has been delivered to our office, however the process will be held for thirty (30) days in order for you to take the necessary action listed below.  If we have not received the required item/items, we will return the process to your office after the thirty day hold period.

In order to serve a Summons on an Insurance Company, we must have a Command/Serve Line on the Summons. The Command/Serve Line must be specific and indicate the designated Insurance Company to be  served.  The current, accurate name of the Company must appear FIRST on the Command/Serve Line but may be followed by a f/k/a Company Name or by the phrase--In Care Of The Chief Financial Officer.  Remember only one Insurance Company can be served per Subpoena or Summons.

Your check for the service fee is attached.  Please return the service fee and this letter with the original, validated Summons and two copies of the Summons.  Upon receipt of these items, your process will be accepted and served.

Please contact our office for further assistance.

Sincerely yours,

Jane Wesselman, C.P.M.
Staff Assistant
Service of Process
Telephone 850-413-4290

Enc.  Summons and Check 1024 in the amount of $15.00 made payable to Department of Financial Services