UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BING CHARLES W. KEARNEY,
JR., BRIAN W. SEEGER, and
ALAN G. PAYNE,

    Plaintiffs,

v.                                         Case No. 8:09-cv-1846-T-30TBM

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

    Defendant.
_____/

KEARNEY CONSTRUCTION
COMPANY, LLC,

    Plaintiff,

v.                                         Case No. 8:09-cv-1850-T-30TBM

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court for a third time upon Defendant's Motions to Dismiss in Case Nos. 8:09-cv-1846-T-30TBM (Dkt. 33) and 8:09-cv-1850-T-30TBM (Dkt. 62), filed on March 26, 2010 and Plaintiffs' Responses to same (Dkts. 36 and 66,

respectively), filed on April 19, 2010. Defendant's Motions to Dismiss move to dismiss Plaintiffs' claims of breach of good faith and fair dealing. The Court previously dismissed these claims, without prejudice to Plaintiffs to amend, on November 20, 2009 and February 26, 2010 (Dkts. 19 and 30 in Case No. 8:09-cv-1846-T-30TBM and Dkts. 20 and 51 in Case No. 8:09-cv-1850-T-30TBM). Those Orders contain the relevant facts and law at issue, which do not bear repeating for a third time.

Plaintiffs' amended claims of breach of good faith and fair dealing in the Second Amended Complaints (Dkts. 32 and 60, respectively), taken as true, continue to fail to state an actionable claim. The claims, again, list multiple provisions of the Indemnity Agreement that were allegedly breached, but fail to allege any details as to how any of these specific provisions were breached. They also allege actionable conduct on the part of Defendant that is expressly permitted under the Indemnity Agreement. As set forth in the Court's previous Orders on this issue, the implied covenant of good faith should not be invoked to override the express terms of the agreement between the parties. Simply put, allowing a claim for breach of the implied covenant of good faith and fair dealing where no enforceable executory contractual obligation remains would add an obligation to the contract that was not negotiated by the parties. The Court concludes that permitting any further amendment of this claim would be futile. Accordingly, Defendant's Motions to Dismiss are granted and Plaintiffs' claims of breach of good faith and fair dealing are dismissed with prejudice.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motions to Dismiss in Case No. 8:09-cv-1846-T-30TBM (Dkt. 33) and 8:09-cv-1850-T-30TBM (Dkt. 62) are hereby **granted**.

2. Plaintiffs' Second Amended Complaint in Case No. 8:09-cv-1846-T-30TBM is dismissed with prejudice.

3. The CLERK is directed to close Case No. 8:09-cv-1846-T-30TBM.

4. Count I of Plaintiffs' Second Amended Complaint in Case No. 8:09-cv-1850-T-30TBM is dismissed with prejudice.

5. Case No. 8:09-cv-1850-T-30TBM shall remain open.

**DONE** and **ORDERED** in Tampa, Florida on April 21, 2010.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1846-1850.M2Dsecondamendcomplaint.wpd