UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KEARNEY CONSTRUCTION COMPANY, LLC,**

    **Plaintiff,**

v.                                                     Case No. 8:09-cv-1850-T-30TBM

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Travelers Casualty and Surety Company of America's Motion and Memorandum of Law to Require Specific Performance of the Collateral Security Deposit Provisions and Books and Records Provision of the General Agreement of Indemnity (Dkt. 68), Plaintiff's and Third Party Defendants' Opposition to same (Dkt. 79), and Travelers Casualty and Surety Company of America's Reply (Dkt. 82). The Court, having reviewed the motion, response, reply, and being otherwise advised in the premises, concludes that the motion should be granted to the extent that the Indemnitors, jointly and severally, shall post $3.5 million in collateral with the Registry of the Court.

## BACKGROUND

Travelers Casualty and Surety Company of America ("Travelers") is a surety company that issues payment and performance bonds and stands as surety for selected

contractors. In order to induce Travelers to issue bonds, on various dates, Kearney Construction Company, LLC ("Kearney LLC"), Bing Charles W. Kearney ("Bing Kearney"), Brian W. Seeger, Jr. ("Seeger"), Alan Payne ("Payne"), Florida Trucking Co., Inc. ("Florida Trucking"), Florida Equipment Co., LLC ("Florida Equipment"), Kearney Construction Company, Inc. ("Kearney Construction"), AVT Equipment, LLC ("AVT"), Kearney Development Company, Inc. ("Kearney Development"), K&S Equipment Company, Inc. ("K&S"), Florida Soil Cement, LLC ("Florida Soil"), and Florida Fuel Transporters, LLC ("Florida Fuel") (collectively, the "Indemnitors") executed a General Agreement of Indemnity ("GAI") and/or Additional Indemnitor and Limited Liability Riders to the GAI in favor of Travelers.

In the GAI, the Indemnitors agreed that they "shall exonerate, indemnify and save [Travelers] harmless from and against all Loss" and that "[a]mounts due to [Travelers] shall be payable upon demand." (Dkt. 68-1). The GAI further provided that the Indemnitors agreed to:

> deposit with [Travelers], upon demand, an amount as determined by [Travelers] sufficient to discharge any Loss or anticipated Loss. . . . Sums deposited with [Travelers] pursuant to this paragraph may be used by [Travelers] to pay such claim or be held by [Travelers] as collateral security against any Loss or unpaid premium on any Bond.

*Id.* The GAI also stated that the obligations of the Indemnitors were joint and several and included a provision that the Indemnitors shall "furnish upon demand" and Travelers "shall have the right of free access to, at reasonable times, the records of Indemnitors." *Id.*

Subsequently, Travelers issued various performance and payment bonds naming Kearney LLC as principal (the "Bonds"). According to Travelers, claims have been made on several of the Bonds by obligees and/or payment bond claimants. For example, Travelers alleges that on or about August 11, 2009, the Pasco County Board of Commissioners ("Pasco County") defaulted Kearney LLC on the US 41 Tower Road project and made demand upon Travelers to complete the work. Similarly, Pasco County obtained an Order lifting the stay on the Becubellis Project, terminated Kearney LLC from that project, and made demand upon Travelers to complete the work.

According to Travelers, in a letter dated April 6, 2010, Polk County advised Travelers that Kearny LLC was in default on the bonded Overlook Project, and made demand on Travelers under the bond it issued on behalf of Kearney LLC. Additionally, Travelers claims that certain subcontractors, material suppliers, and others (hereinafter the "Claimants") asserted that Kearney LLC failed to pay them for the services, materials, labor, and/or equipment they furnished on projects for which Travelers issued payment and performance bonds on behalf of Kearney LLC.

Travelers received notice of payment and performance bond claims exceeding $7.5 million and Travelers paid numerous claims, for which it is seeking indemnity from the Indemnitors as part of its counterclaim in this case. Travelers also anticipates, as of the filing of its motion for specific performance, that it faces $3.5 million in exposure beyond the amounts already paid.

On August 28, 2009, Travelers demanded that Indemnitors K&S Equipment, Florida Soil, Kearney Development, and Florida Fuel deposit collateral security with Travelers in the amount of $8,750,000.00, to secure Travelers against loss and expense in connection with the claims against the Bonds that Travelers executed on some of the projects. Subsequently, on August 28 and 31, 2009, Travelers demanded that Bing Kearney, Seeger, and Payne deposit collateral security with Travelers in the amount of $6,550,000.00, to secure Travelers against loss and expense in connection with the claims against the Bonds that Travelers executed on some of the projects where they were Indemnitors.

Travelers has not received collateral from the Indemnitors. According to Travelers, it is entitled to specific performance, because it is in fear that the Indemnitors will not be able to satisfy judgments potentially entered against Travelers in relation to the Bonds on the projects, as required under the GAI. Travelers points out that there are pending lawsuits against it based on Kearney LLC's defaults.

Notably, Kearney LLC, Florida Trucking, Florida Equipment, Kearney Construction, and AVT filed separate Chapter 11 proceedings in the U.S. Bankruptcy Court in the Middle District of Florida. Travelers also claims that it faces irreparable damage in the event the Indemnitors fail to satisfy their indemnity obligations in light of the bankruptcy proceedings.

Travelers requests that the Court enforce the collateral security provisions of the GAI by entering an Order:

> a. compelling Indemnitors Bing Kearney, Seeger, Payne, K&S, Florida Soil, Kearney Development, and Florida Fuel, to post $3.5 million in collateral with

> Travelers, and otherwise prohibit all transfers and encumbrances of these Indemnitors' assets until they have done so;
>
> b. requiring the Indemnitors to provide Travelers, within ten days of the Order, with a full accounting of all assets that the Indemnitors currently own and which they owned as of March 6, 2009, including a full disclosure of the disposition of any assets since March 6, 2009 (ninety days prior to the first bankruptcy filing by a Bankrupt Indemnitor);
>
> c. requiring the Indemnitors to permit Travelers to have full access to the Indemnitors' books and records, including financial information such as bank and investment account statements and tax returns; and
>
> d. granting Travelers such further relief as the Court deems just and proper.

For the reasons set forth herein, the Court concludes that specific performance should be granted to the extent that the Indemnitors Bing Kearney, Seeger, Payne, K&S, Florida Soil, Kearney Development, and Florida Fuel shall post $3.5 million in collateral with the Registry of the Court, and shall be prohibited from all transfers and encumbrances of their assets, with limited exceptions, until they have done so.

## **DISCUSSION**

A court may order specific performance if: (1) the obligations of the parties with respect to the conditions of the contract and actions to be taken by the parties are clear, definite, and certain; and (2) the party seeking specific performance satisfies the Court that there is no adequate remedy at law. *See Barnes v. Diamond Aircraft Industries, Inc.,* 499 F. Supp. 2d 1311, 1319 (S.D. Fla. 2007).

In the instant case, the obligations of the parties with respect to the conditions of the contract and actions to be taken are clear to the extent that the GAI requires the Indemnitors

to post collateral security.  Moreover, Travelers is without an adequate remedy at law to the extent that if equitable relief was not granted, it would be forced to continue to use its own funds in defense of the claims against the Indemnitors.  Moreover, as Travelers points out, the Middle District of Florida, Southern District of Florida, and Northern District of Florida have entered orders similar to that requested by Travelers requiring indemnitors to post collateral with a surety upon demand in accordance with an indemnity agreement.  *See Cincinnati Ins. Co. v. Water Equipment Services, Inc., et al.*, Case No. 07cv1641, in the United States District Court for the Middle District of Florida (attached to Traveler's motion as Exhibit "B"); *Lincoln General Ins. Co. v. Development and Communications Group of Florida, Inc., et al.*, Case No. 09cv20173, in the United States District Court for the Southern District of Florida (attached to Traveler's motion as Exhibit "C"); *Fidelity & Deposit Co. Of Maryland v. Emerald Cost Specialties, Inc.*, Case No. 07cv123, in the United States District Court for the Northern District of Florida (attached to Traveler's motion as Exhibit "D"); *see also Liberty Mutual Ins. Co. v. Aventura Engineering & Const. Corp.,* 534 F. Supp. 2d 1290, 1321 (S.D. Fla. 2008); *Milwaukie Constr. Co. v. Glen's Fall Ins. Co.,* 367 F.2d 964, 965 (9th Cir. 1966) (legal remedy of money damages was not adequate and specific performance was available to require indemnitors to deposit with surety money or acceptable security equal to its established reserves).

The Indemnitors do not appear to dispute the language of the GAI requiring collateral and do not argue that Travelers has an adequate remedy at law to defeat Travelers' claim for specific performance.  Rather, the Indemnitors argue that specific performance is

inappropriate at this stage because Travelers' intentional actions caused Kearney Construction to lose the ability to complete their existing bonded jobs, obtain new bonded jobs, and ultimately forced Kearney Construction out of business, resulting in the very claims for which Travelers now seeks indemnification from Kearney Construction. The Indemnitors also contend that specific performance should not be granted until the Court rules on Kearney Construction's claim of tortious interference and the Indemnitors' affirmative defenses to Travelers' counterclaim, such as unclean hands, estoppel, and avoidable consequences.

Travelers' argues in its reply that the Indemnitors' response ignores the recognized purpose of collateral, which is to secure the surety *prior to loss and pending* a finding of liability on the surety's indemnity claim. Travelers also states that it has no objection to the collateral being placed in the Registry of the Court or other acceptable independent escrow. Travelers also points out that the courts in the cases cited herein, *Cincinnati Ins. Co. v. Water Equipment Services, Inc., et al.*, *Lincoln General Ins. Co. v. Development and Communications Group of Florida, Inc., et al.*, and *Fidelity & Deposit Co. of Maryland v. Emerald Cost Specialties, Inc.*, awarded collateral to the surety, at the pretrial stage, despite the fact that the indemnitors raised equitable and affirmative defenses.

The Court concludes that, in light of the case law and the facts of this case, specific performance should be granted, to the extent that the Indemnitors Bing Kearney, Seeger, Payne, K&S, Florida Soil, Kearney Development, and Florida Fuel shall post $3.5 million in collateral with the Registry of the Court, and shall otherwise be prohibited from all

transfers and encumbrances of their assets, with limited exceptions, until they have done so.[1]

The Court denies Travelers' request regarding specific performance of the books and records provisions of the GAI. Travelers simply states that "[w]ithout access to the Indemnitors' records and financial information, Travelers cannot adequately protect its indemnity rights, and enforce the collateral obligation of the Indemnitors." (Dkt. 68). The Court concludes that, at this stage, the posting of the $3.5 million in collateral is sufficient to enforce the collateral obligation of the Indemnitors, especially in light of the fact that Kearney LLC, Florida Trucking, Florida Equipment, Kearney Construction, and AVT cannot even produce the records or accounting requested in Travelers' motion, because these entities are no longer in possession of those records.

It is therefore ORDERED AND ADJUDGED that:

1. Travelers Casualty and Surety Company of America's Motion and Memorandum of Law to Require Specific Performance of the Collateral Security Deposit Provisions and Books and Records Provision of the General Agreement of Indemnity (Dkt. 68) is hereby GRANTED IN PART.

2. The Indemnitors Bing Kearney, Seeger, Payne, K&S, Florida Soil, Kearney Development, and Florida Fuel, jointly and severally, shall post $3.5 million in collateral with the Clerk of the Court. Unless and until these Indemnitors place good and sufficient collateral security with the Clerk of the Court in this amount, they shall not sell, transfer,

---

[1] Importantly, this ruling shall not constitute an adjudication of Kearney Construction's claim of tortious interference or the Indemnitors' affirmative defenses, which remain pending.

alienate or encumber any property. This Order does not prohibit K&S, Florida Soil, Kearney Development, and Florida Fuel from paying expenses incurred for full value in the ordinary course of business. This Order also does not prohibit Bing Kearney, Seeger, and Payne from expending funds for ordinary living expenses.

3. Upon receipt of the funds, the Clerk of the Clerk shall place the funds into a special interest-bearing account.

**DONE** and **ORDERED** in Tampa, Florida on July 15, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1850.mtspecificperf final.wpd