UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEARNEY CONSTRUCTION COMPANY
LLC,

       Plaintiff,

v.                            Case No. 8:09-cv-1850-T-30-TBM

TRAVELERS CASUALTY &
SURETY COMPANY OF AMERICA,

       Defendant.

v.

KEARNEY CONSTRUCTION
COMPANY, LLC, BING CHARLES W.
KEARNEY, BRIAN W. SEEGER,
ALAN PAYNE, FLORIDA
TRUCKING CO., INC., FLORIDA
EQUIPMENT CO., LLC., KEARNEY
CONSTRUCTION COMPANY, INC.,
AVT EQUIPMENT LLC, KEARNEY
DEVELOPMENT COMPANY, INC.,
K & S EQUIPMENT COMPANY, INC.,
FLORIDA SOIL CEMENT, LLC, FLORIDA
FUEL TRANSPORTERS, LLC.

       Third Party Defendants.
_____/

## **<u>TEMPORARY RESTRAINING ORDER</u>**

      This cause came before the Court on Travelers' Second Motion for Temporary

Restraining Order Against Alan Payne (the "Motion," D.E. 449), and the Court having

considered the Motion, its exhibits and attachments, and the relief sought therein, and the

argument of counsel for Travelers and for Mr. Payne at the hearing held on January 8, 2015, it is hereby ORDERED AND ADJUDGED:

1.      As of 11:50 AM on January 8, 2015, the Motion is GRANTED IN PART AND DENIED IN PART.

2.      The Court hereby restrains THIRD PARTY DEFENDANT AND JUDGMENT DEBTOR ALAN PAYNE ("Payne") from transferring, spending, disposing of, gifting, dissipating or otherwise alienating in any fashion any assets or funds of his solely owned corporation, KIWI MANAGEMENT SERVICES, INC. ("Kiwi").

3.      The Court further orders Payne to submit to a deposition by Travelers, within ten (10) days of this Order, or such other time agreed to by counsel for Travelers, wherein Payne shall give a detailed and truthful account, under oath, of all assets in his possession and/or control, including any assets in which Kiwi has any interest; and of all assets transferred by or on behalf of Payne in the past three (3) years, identifying the asset, value of the asset, name and address of transferee and consideration, if any, received by Payne for the transfer and providing any other information reasonably requested by Travelers.

4.      The Court further orders Payne to grant Travelers access to the property that he claims is protected by the homestead exemption for inspection and photographing/videotaping on January 8, 2015, for the purpose of allowing Travelers to discover evidence as to whether Payne is occupying the property.

5.      This Temporary Restraining Order is necessary because all available record evidence, including without limitation Payne's Deposition Testimony and the Affidavit of Amber Proctor (both of which are attached to the Motion), as well as responses to garnishment writs filed into the record of this matter by Chase Bank, Florida Central Credit Union, and Kiwi Management Services, Inc., indicate that Payne has engaged in a pattern of behavior that warrants the requested relief.

6.      Specifically, record evidence indicates that on October 14, 2014, one day before his deposition, Payne withdrew $108,000 from his revocable trust account, gave the funds to Amber Proctor, a representative of Hot Springs Travel Center, LLC, a company for which Payne admits he had performed work, and did not inform Travelers of this event when asked during his deposition on October 15, 2014.

7.      Payne received no consideration for this transfer, and was insolvent at the time (according to his deposition testimony, he remains so).

8.      Other than the funds at issue in the Temporary Restraining Order issued at D.E. 442, which has been dissolved as a result of Payne's claim that he purchased a property that he claims is his homestead with the funds prior to entry of the Temporary Restraining Order, it appears that Payne's primary assets (income from Florida Soil and Cement Company, LLC) are being held by and dispensed from, Kiwi, an entity that Payne solely owns and controls.

9.      Travelers faces irreparable harm without this Temporary Restraining Order in the event  Payne  seeks to further transfer, spend, gift, or alienate the funds restrained

3

herein, as he has previously with other funds. Without this relief, Travelers would be left with no other adequate remedy at law.

10.    Further, the avoidance of fraudulent transfer of funds inherently serves the public interest, as does the equitable relief sought by Travelers, as all of it is anticipated by section 726.108, Florida Statutes.

11.    This Temporary Restraining Order will be promptly filed with the clerk's office of the United States District Court for the Middle District of Florida.

12.    Except as expressly granted herein, Travelers' Second Motion for Temporary Restraining Order is hereby DENIED.

13.    This Order is without prejudice to Travelers' right to challenge whether Payne is entitled to claim a homestead exemption on the property under Florida law, after further discovery.

14.    This Temporary Restraining Order expires on the 16th day of February, 2015.

DONE AND ORDERED at Tampa, Florida on this 8th day of January, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2009\09-cv-1850 tro 449.doc

4