UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KEARNEY CONSTRUCTION COMPANY LLC,**

    **Plaintiff,**

v.    Case No. 8:09-cv-1850-T-30TBM

**TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,**

    **Defendant,**

v.

**KEARNEY CONSTRUCTION COMPANY, LLC, et. al,**

    **Third Party Defendants.**
_____/

**USAMERIBANK,**

    **Garnishee.**
_____/

**REPORT AND RECOMMENDATION**

 THIS CAUSE is before the Court following a status conference conducted January 11, 2018.

 Pending before the Court is Travelers Casualty & Surety Company of America's Motion for Final Judgment in Garnishment as to the IRA Account. (Doc. 874). By the motion, Travelers seeks final judgment in its favor and an order directing USAmeriBank to release the funds in the "IRA Account" ending -1122. It claims disbursement of these funds is now appropriate given

that the Eleventh Circuit has affirmed the district court's ruling that voided FTBB's priority lien and given the ruling that this account is not exempt from garnishment. *Id.*

The garnishee USAmeriBank has filed a limited response in opposition, asserting it is entitled to a determination of its attorneys' fees expended on the garnishment issue and to recoup same from the funds prior to disbursement. (Doc. 876).[1]

Bing Charles W. Kearney also filed a response in opposition. (Doc. 877). Mr. Kearney sets out the procedural history and disputes that he has elected to forego his legal right to challenge the Court's rulings on the IRA account. He maintains his claim of exemption to the IRA funds and asserts he is entitled to file an appeal of any final judgment in garnishment. *Id.*

At hearing, Travelers indicated that final judgment is now appropriate on the entirety of the USAmeriBank funds held subject to the Writ of Garnishment issued by the Clerk on July

---

[1] USAmeriBank has made a demand for statutory attorneys' fees. Section 77.28 provides, "On rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney fee, and in the event of a judgment in favor of the plaintiff, the amount shall be subject to offset by the garnishee against the defendant whose property or debt owing is being garnished. In addition, the court shall tax the garnishee's costs and expenses as costs." Fla. Stat., § 77.28.

24, 2015. (Doc. 556, hereinafter "the Writ").[2] The parties agreed that consistent with the statute, the matter of USAmeriBank's fees should be determined prior to disbursement of the funds, but such does not necessarily impede the Court's ability to enter final judgment, provided, however,

---

[2]On August 12, 2015, USAmeriBank answered the Writ, declaring that it was indebted to Mr. Kearney in the total amount of $1,158,037.38, such amount comprised of several accounts. (Doc. 577). USAmeriBank identified seven accounts:

| Account No. | Account Holders | Amount Held |
|---|---|---|
| -0056 | Bing Kearney, Jr.<br>Tonya Nuhfer-Kearney | $625,305.39 |
| -3695 | Bing Kearney, Jr.<br>Tonya Nuhfer-Kearney<br>Charles Wesley Kearney III<br>Clayton Whitman Kearney | $28,345.60 (plus an additional $111.67 held pursuant to a state court writ of garnishment) |
| -0129 | Bing Kearney, Jr.<br>Tonya Nuhfer-Kearney<br>Charles Wesley Kearney III<br>Clayton Whitman Kearney | $4,426.41 |
| -0302 | Bing Kearney, Jr.<br>Charles Wesley Kearney III<br>Clayton Whitman Kearney | $1,185.17 (plus an additional $59.61 held pursuant to a state court writ of garnishment) |
| -0020 | Bing Kearney, Jr.<br>Charles Wesley Kearney III<br>Clayton Whitman Kearney | $39,722.31 |
| -7939 | Bing Kearney, Jr.<br>Bryan G. Kearney | $1,037.41 |
| -1122 | Bing Kearney, Jr. | $457,493.81 |

*Id.*

3

the Court defer disbursement and reserve jurisdiction to determine such fees.[3] In addition, at hearing, Mr. Kearney requested that disbursement of the funds and enforcement of any final judgment be stayed pending its anticipated appeal of the judgment.

Garnishment proceedings in Florida are governed by Chapter 77 of the Florida Statutes. Florida Statute § 77.083 states, "Judgment against the garnishee on the garnishee's answer or after trial of a reply to the garnishee's answer shall be entered for the amount of his or her liability as disclosed by the answer or trial." Fla. Stat., § 77.083.

As noted above, USAmeriBank is indebted to Mr. Kearney in the total amount of $1,158,037.38. (Doc. 577). There is no dispute as to the amount being held by USAmeriBank. While Mr. Kearney and others have raised various legal and factual issues, including claims of exemption, in opposition to the garnishment of these accounts, all such issues (apart from USAmeriBank's claim for fees) have now been resolved by the Court.

Six of the accounts (-0056, -3695, -0129, -0302, -0020, and -7939) held pursuant to the Writ were previously addressed in the Report and Recommendation entered on March 17, 2016 (Doc. 711) and adopted by the district judge on April 8, 2016 (Doc. 719). Therein, the Court granted Travelers' motion for summary judgment in part and determined that these six accounts were not exempt from garnishment.[4]

---

[3]USAmeriBank was directed to file its renewed motion for attorneys' fees within fourteen (14) days of the hearing.

[4]Mr. Kearney and several of his family members appealed the ruling (Doc. 738), but voluntarily dismissed that appeal on December 11, 2017. *See Kearney Construction Company v. Bing Kearney, Jr., et al.*, No. 16-12252-W (11th Cir.).

With regard to the seventh account, the nominal IRA account, such was addressed in the Report and Recommendation entered on August 26, 2017 (Doc. 865) and adopted by the district judge on September 21, 2017 (Doc. 872). By that Order, the Court ruled that the USAmeriBank account ending in -1122 is not exempt from garnishment.[5]

Furthermore, the matter of priority to the USAmeriBank accounts was addressed in the proceedings supplementary associated with this case. In those proceedings, the Court ruled that the purported assignment of Regions' priority lien position to the USAmeriBank garnished funds to FTBB, LLC, is voided; that FTBB, LLC, is prohibited from asserting a priority lien position to these funds in any pending collection action, including this case and the Regions case (Case No 8:09-cv-1841); and that Travelers, as against FTBB, be granted a superior lien position to the USAmeriBank funds. (Docs. 828, 831). FTBB appealed the ruling, but such was affirmed by the Eleventh Circuit. (Docs. 837, 873).

Given the above and upon review of the pleadings and papers filed in this action, the Court finds that Travelers has satisfied the procedural and notice requirements of the Florida Statutes. The various claims of exemption and ownership, as well as FTBB's claim of priority, have been resolved by the Court in Travelers' favor, and there remains no impediment to entry of judgment as to the USAmeriBank accounts.[6] As such, the undersigned finds that final judgment in garnishment is now appropriate on all seven of the accounts subject to the Writ.

---

[5]This ruling has not yet been appealed.

[6]For the sake of brevity and given that these matters have been thoroughly addressed previously, the undersigned incorporates its findings and conclusions made in its previous reports and recommendations, which have been adopted by the district judge. (*See* Docs. 711, 719, 828, 831, 865, 872).

5

Accordingly, I **RECOMMEND** that:

(1) Travelers Casualty & Surety Company of America's Motion for Final Judgment in Garnishment as to the IRA Account (Doc. 874), as orally amended at hearing to include all seven accounts, be **granted**;

(2) Final Judgment of Garnishment in favor of Travelers Casualty & Surety Company of America and against the garnishee, USAmeriBank, should be issued for the amounts in the accounts ending in -0056, -3695, -0129, -0302, -0020, -7939, and -1122, in the total amount of $1,158,037.38, subject to offset for USAmeriBank's statutory attorney's fees;

(3) the district judge retain jurisdiction to determine USAmeriBank's claim for statutory attorneys' fees and costs;

(4) the district judge defer disbursement of the funds being held by USAmeriBank, pending resolution of USAmeriBank's claim for statutory attorneys' fees;

(5) the district judge deny without prejudice Mr. Kearney's *ore tenus* request for a stay of disbursement or enforcement of the Final Judgment pending his appeal concerning the IRA Account. Such request may be renewed if and when Mr. Kearney files a notice of appeal.

Respectfully submitted this
23rd day of January 2018.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies furnished to:
The Honorable James S. Moody, United States District Judge
Counsel of record