UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEARNEY CONSTRUCTION COMPANY
LLC,

    Plaintiff,

v.                                         Case No. 8:09-cv-1850-T-30CPT

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA,

    Defendant,

v.

KEARNEY CONSTRUCTION COMPANY,
LLC, *et al.*,

    Third Party Defendants.
_____/

USAMERIBANK,

    Garnishee.
_____/

## REPORT AND RECOMMENDATION

This matter is before me on referral for a Report and Recommendation regarding *USAmeriBank's Amended Renewed Motion to Recover Attorneys' Fees and Costs Incurred* (USAmeriBank's Motion).[1]  *See* (Doc. 909).

---

[1] The motion is actually brought by USAmeriBank's successor-in-interest, Valley National Bank, not, as the title of the motion suggests, USAmeriBank. For simplicity's sake, however, the movant will be referred to herein as USAmeriBank.

Also before me are *Travelers Casualty & Surety Company of America and USAmeriBank's Joint Notice of Settlement and Request for Entry of Order of Disbursement* (Joint Notice of Settlement) (Doc. 923), and Defendant Kearney's response in opposition to USAmeriBank's Motion and the Joint Notice of Settlement (Doc. 925).

For the reasons discussed below, I recommend that USAmeriBank's Motion (Doc. 909) be denied as moot and that the Court direct the entry of a final judgment of garnishment in the total amount of $1,158,037.38, subject to the terms referenced in the Joint Notice of Settlement.

## BACKGROUND

The long and rather involved history of this garnishment proceeding is well documented and need not be set forth in detail here. For purposes of this pending motion, a brief recitation of the pertinent events will suffice.

This proceeding arises out of Travelers' attempts to execute on a $3,750,000 Judgment entered in Travelers' favor and against Kearney and others. (Doc. 244). In an effort to collect on this Judgment, Travelers served USAmeriBank with a Writ of Garnishment (the Writ) in July 2015. (Doc. 556).

In August 2015, USAmeriBank answered the Writ, declaring that it was indebted to Kearney in the total amount of $1,158,037.38. (Doc. 577). USAmeriBank advised that this sum was contained in seven accounts (bearing account numbers ending in -0056, -3695, -0129, -0302, -0020, -7939, and -1122) in the names of Kearney and other individuals (the Accounts), and was subject to

Also before me are *Travelers Casualty & Surety Company of America and USAmeriBank's Joint Notice of Settlement and Request for Entry of Order of Disbursement* (Joint Notice of Settlement) (Doc. 923), and Defendant Kearney's response in opposition to USAmeriBank's Motion and the Joint Notice of Settlement (Doc. 925).

For the reasons discussed below, I recommend that USAmeriBank's Motion (Doc. 909) be denied as moot and that the Court direct the entry of a final judgment of garnishment in the total amount of $1,158,037.38, subject to the terms referenced in the Joint Notice of Settlement.

## BACKGROUND

The long and rather involved history of this garnishment proceeding is well documented and need not be set forth in detail here. For purposes of this pending motion, a brief recitation of the pertinent events will suffice.

This proceeding arises out of Travelers' attempts to execute on a $3,750,000 Judgment entered in Travelers' favor and against Kearney and others. (Doc. 244). In an effort to collect on this Judgment, Travelers served USAmeriBank with a Writ of Garnishment (the Writ) in July 2015. (Doc. 556).

In August 2015, USAmeriBank answered the Writ, declaring that it was indebted to Kearney in the total amount of $1,158,037.38. (Doc. 577). USAmeriBank advised that this sum was contained in seven accounts (bearing account numbers ending in -0056, -3695, -0129, -0302, -0020, -7939, and -1122) in the names of Kearney and other individuals (the Accounts), and was subject to

competing writs of garnishment served by Regions Bank on USAmeriBank in two other actions, one in federal court and one in state court.[2]  *Id.*

On January 23, 2018, Magistrate Judge Thomas B. McCoun, III recommended that the Court issue a Final Judgment of Garnishment relative to the Accounts in favor of Travelers and against USAmeriBank in the total amount of $1,158,037.38. (Doc. 894). Recognizing USAmeriBank had asserted a claim for statutory attorney fees and costs that still required adjudication, Judge McCoun recommended the Court retain jurisdiction to decide that issue and defer disbursement of the funds being held by USAmeriBank in the interim. *Id.* at 6.

On February 7, 2018, over Kearney and the other interested parties' objections, the Court adopted, confirmed, and approved Judge McCoun's Report and Recommendation in all respects. (Doc. 908).

Shortly thereafter, on February 12, 2018, USAmeriBank filed the instant motion requesting an award of attorneys' fees and costs in the amount of $168,155.58 for work performed in both this case and the two Regions Bank actions.[3] (Doc. 909 at 16).

---

[2] These cases are styled *Regions Bank v. Hyman, et al.*, Case No. 09-cv-1841-T-17MAP (M.D. Fla.), and *Regions Bank v. Hyman, et al.*, Case No. 12-CA-010851 (Fla. Cir. Ct.).

[3] This amount is comprised of $103,902.60 in fees and $1,591.65 in costs in the instant action; $57,081.50 in fees and $2,149.80 in costs in the Regions Bank federal case; and $4,956.10 in fees incurred in the Regions Bank state action, less courtesy discounts of $7,335.57. (Doc. 909 at 8). It also includes $5,809.50 expended in connection with an affidavit of a disinterested attorney filed in support of motions for attorneys' fees and costs submitted in this case and the two Regions Bank actions. *Id.* at 13 & n.6.

On April 23, 2018, after the Court granted several extensions of time, Travelers and USAmeriBank filed the above-referenced Joint Notice of Settlement. (Doc. 923). In that Notice, Travelers and USAmeriBank advise that they have agreed upon an (undisclosed) amount that USAmeriBank will retain from the garnished funds to cover its attorneys' fees and costs. *Id.* at 3. They further represent that, notwithstanding this agreement, Travelers will provide Kearney with full credit for the amount of the garnished funds. Id.

On the same date, Kearney filed his response in opposition to both USAmeriBank's Motion and the Joint Notice of Settlement. (Doc. 925). Therein, Kearney argues that (1) USAmeriBank is not entitled to attorneys' fees at this juncture because a final judgment of garnishment has not yet been entered; (2) the Court, not USAmeriBank and Travelers, is required to decide the reasonable amount of attorneys' fees and costs to which USAmeriBank is entitled; and (3) the attorneys' fees and costs USAmeriBank seeks are unreasonable and excessive. *Id.* Kearney also objects to the negotiated settlement between Travelers and USAmeriBank, arguing that he will be severely prejudiced and denied due process if such agreement is approved because "[a]ny attorney's fees and costs awarded to USAmeriBank from the garnished funds will serve to reduce the funds that will be applied toward the underlying judgment." *Id.* at 3.

On May 3, 2018, the Court denied a motion by Travelers seeking leave to reply to Kearney's response. (Docs. 927, 928).

## DISCUSSION

Garnishment proceedings in Florida are governed by Chapter 77 of the Florida Statutes. Two sections in that Chapter are of relevance here.

Section 77.083 provides, in pertinent part, that a "[j]udgment against the garnishee on the garnishee's answer . . . shall be entered for the amount of his or her liability as disclosed by the answer or trial." Fla. Stat., § 77.083. And, section 77.28 provides:

> On rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney fee, and in the event of a judgment in favor of the plaintiff, the amount shall be subject to offset by the garnishee against the defendant whose property or debt owing is being garnished. In addition, the court shall tax the garnishee's costs and expenses as costs.

Fla. Stat., § 77.28.

In this case, it is undisputed that USAmeriBank is indebted to Kearney in the total amount of $1,158,037.38, and that USAmeriBank is holding this sum in the Accounts pursuant to Travelers' Writ. (Doc. 577). Although Kearney and the other interested parties previously challenged the garnishment of these monies, the Court has resolved all such matters (apart from USAmeriBank's claim for attorneys' fees and costs). *See* (Docs. 711, 719, 828, 831, 865, 872). Furthermore, the Court has already determined that the entry of a final judgment in this garnishment proceeding is appropriate. (Docs. 894, 908).[4]

---

[4] Although Kearney indicates that he intends to appeal the Final Judgment of Garnishment, such an anticipated appeal does not present a bar to deciding the issues presented here.

While the Court would ordinarily be tasked with addressing the reasonableness of USAmeriBank's attorneys' fees and costs pursuant to section 77.28, it need not do so here in light of Travelers and USAmeriBank's Joint Notice of Settlement. As noted above, Travelers and USAmeriBank represent in that Notice that they have settled the matter of USAmeriBank's request for fees and costs, and that Travelers will credit Kearney with the full amount of the garnished funds.[5]

Kearney's opposition to the Joint Notice of Settlement is without merit. Contrary to his assertion, the settlement does not prejudice or deprive him of due process in any way. In light of Travelers' representation that it will credit Kearney with the full amount of the garnished funds, the agreed-upon amount of fees and costs will not reduce the funds that will be applied to the underlying judgment. Stated another way, the agreement between USAmeriBank and Travelers as to the payment of USAmeriBank's fees and costs will not be held against Kearney, and he will be credited with partial satisfaction of the Judgment (Doc. 244) to the full extent of the garnished funds.

## CONCLUSION

In light of all of the above, I recommend the Court enter an Order as follows:

(1) *USAmeriBank's Amended Renewed Motion to Recover Attorneys' Fees and Costs Incurred* (Doc. 909) is denied as moot.

---

[5] Because the Court is not determining or approving the amount of fees and costs Travelers has agreed to pay USAmeriBank, the Court need not address Kearney's contention that such an award is premature at this juncture.

(2) The Clerk shall enter a Final Judgment of Garnishment in favor of Travelers Casualty & Surety Company of America (Travelers) and against the garnishee, USAmeriBank, in the amount of $1,158,037.38;

(3) Within thirty (30) days of the date of entry of the Final Judgment of Garnishment, USAmeriBank shall disburse the funds it is holding in the Accounts pursuant to the Writ;

(4) USAmeriBank may withhold from the disbursement, referenced in paragraph 3 above, the amount agreed upon by and between it and Travelers as payment for USAmeriBank's attorneys' fees and costs;

(5) Upon payment of the funds, Travelers shall credit Kearney with the full amount of the Final Judgment of Garnishment; and

(6) Within thirty (30) days of payment of the funds, Travelers shall file a Notice of Partial Satisfaction of Judgment indicating that it has received the amount of $1,158,037.38 (or more, if appropriate) in partial satisfaction of the Judgment (Doc. 244).

Respectfully submitted this 12th day of June 2018.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies furnished to:
Honorable James S. Moody, Jr., United States District Judge
Counsel of record