UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEARNEY CONSTRUCTION
COMPANY LLC,

    Plaintiff,

v.

TRAVELERS CASUALTY &	    Case No. 8:09-cv-1850-T-30CPT
SURETYCOMPANY OF AMERICA,

    Defendant/Third Party Plaintiff,

v.

KEARNEY CONSTRUCTION
COMPANY, LLC, *et al.*,

    Third Party Defendants.
_____/

TRAVELERS CASUALTY &
SURETYCOMPANY OF AMERICA,

    Plaintiff,

v.

FTBB, LLC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**
**IN PROCEEDINGS SUPPLEMENTARY**

    This matter is before the Court on referral for a Report and Recommendation on *Travelers Casualty & Surety Company of America's Renewed Motion for Attorneys' Fees and Costs* (Doc. 875). For the reasons discussed below, I recommend that the Court

grant Travelers' motion as to its entitlement to reasonable attorneys' fees and costs, but deny the motion without prejudice as to the amount of the fees and costs to be awarded.

## BACKGROUND

The pertinent procedural history and background of this proceeding and various related actions have been previously detailed by the Court, *see, e.g.,* (Docs. 711, 828), and need only be briefly summarized and supplemented here.

These proceedings supplementary stem from two contentious post-judgment matters, the instant underlying case involving Travelers Casualty & Surety Company of America (the Travelers Case), as well as a separate action in this district before the Honorable Elizabeth A. Kovachevich, Case No. 8:09-cv-1841-T-17MAP (the Regions Case). Both of these underlying suits resulted in significant judgments against Bing Charles W. Kearney (Kearney) and others, which in turn resulted in competing creditors attempting to collect on their respective judgments.

By virtue of an April 2015 settlement reached in the Regions Case, FTBB, LLC (FTBB), an entity owned and controlled by one of Kearney's children, claimed to have acquired the Regions judgment and to have priority over Travelers in its efforts to garnish funds held by USAmeriBank in the name of Kearney and various family members.[1]

---

[1] As detailed previously, FTBB is managed by Moose Investments of Tampa Bay, LLC, which in turn is owned by Kearney's son, Clayton Kearney. (Doc. 828 at 7-8).

On June 1, 2015, Travelers moved for proceedings supplementary and to implead FTBB in aid of execution of its unsatisfied Judgment against Kearney and others in the Travelers Case. (Doc. 526). The Court granted Travelers' Motion for Proceedings Supplementary on June 23, 2015. (Doc. 533).

On August 25, 2015, Travelers filed an Amended Complaint in the proceedings supplementary asserting three counts against FTBB, all of which challenged FTBB's claim of priority to the garnished funds held by USAmeriBank. (Doc. 591). On July 15, 2016, the Court granted summary judgment in favor of FTBB as to one of these counts. (Docs. 749, 756). The two remaining counts proceeded to an evidentiary hearing before Magistrate Judge Thomas B. McCoun, III, on October 3-4, 2016. In February 2017, Judge McCoun issued a Report and Recommendation, in which he recommended, in relevant part, that Judgment be entered in favor of Travelers as to one of the remaining counts and that Travelers be granted a superior lien position to the USAmeriBank funds. (Doc. 828).

Over FTBB's objections, the Court adopted Judge McCoun's recommendations and directed the Clerk to enter Judgment in Travelers' favor. (Docs. 831, 833). FTBB appealed the Court's Order (Doc. 837),[2] and, on October 19, 2017, the Eleventh Circuit affirmed (Docs. 873, 883).

The instant motion for attorneys' fees and costs followed on November 10, 2017. (Doc. 875). Kearney has since filed a response in opposition (Doc. 881), and the matter is now ripe for review.

## DISCUSSION

In its motion, Travelers seeks $484,684.25 in attorneys' fees and $7,907.47 in costs incurred between June 1, 2015 (the date Travelers initiated the proceedings supplementary), and October 19, 2017 (the date the Eleventh Circuit affirmed the Judgment against FTBB). (Doc. 875). Although not entirely clear, it appears that Travelers asserts that it should be awarded the fees and costs incurred in this case, the Regions Case, and a companion state-court interpleader action[3] because, in Travelers' view, they all relate to Travelers' claims of priority to the garnished funds over FTBB. (Doc. 875 at 5). In support of this request, Travelers submits the affidavit of its lead counsel, Alberta L. Adams. Ms. Adams states in her affidavit that she has practiced law for more than twenty years, that she has consistently represented parties in causes of action similar to those asserted in this case, and that attorneys and staff from her firm, Mills Paskert Divers (MPD), have expended 2,151.3 hours during the relevant time period. (Doc. 875-1 at 3-4). She also includes with her affidavit approximately 270 pages of MPD's billing records, comprised of redacted invoices from July 2, 2015, through October 2, 2017. *Id.* at 5-275.

---

[2] Following the entry of Judgment in its favor, Travelers timely filed a *Motion for Attorneys' Fees and Costs* (Doc. 835), which was terminated pending FTBB's appeal (Doc. 859).

[3] The state court action, styled *Regions Bank v. Hyman, et al.,* Case No. 12-CA-010851 (Fla Cir. Ct.), involved a competing writ of garnishment Regions served on USAmeriBank. *See* (Doc. 909 at 11-12).

Kearney counters that: (1) Travelers has failed to meet its burden of showing that MPD's hourly rates are reasonable and within the prevailing markets rates; (2) Travelers' billing records contain "block billing" entries, as well as vague and insufficient descriptions of the type of work performed; and (3) Travelers' attorneys' fees are unreasonably excessive. (Doc. 881).

I.   **Travelers' Entitlement to Attorneys' Fees and Costs**

As the prevailing party in this action, Travelers is entitled to claim reasonable fees and costs incurred in the case against FTBB pursuant to Florida's proceeding supplementary statute. That statute provides, in relevant part:

> Costs for proceedings supplementary shall be taxed against the defendant as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees. Reasonable attorney's fees may be taxed against the judgment debtor.

Fla. Stat., § 56.29(8) (2016).[4]

Pursuant to this statutory provision, it is proper in proceedings supplementary to award reasonable attorneys' fees and costs against the original judgment debtor—in this case, Kearney—not against the impleaded party. *See Kingston Corp. Grp. of Fla., Inc. v. Richard Kleiber Walter Kleiber P'ship*, 127 So. 3d 802, 804 (Fla. Dist. Ct. App. 2013).

---

[4] In its motion, Travelers cites Fla. Stat., § 56.29(11). The statute, however, was amended in 2016. The attorneys' fees and costs provision, substantively unchanged, is now found at Fla. Stat., § 56.29(8).

Although Kearney challenges the reasonableness of the requested attorneys' fees, he does not appear to contest Travelers' statutory entitlement to attorneys' fees and costs. (Doc. 881). Accordingly, I find that Travelers is entitled to an award of reasonable attorneys' fees incurred in connection with the prosecution of the instant proceedings supplementary and to those costs that are found to be "reasonable and just."[5]

## II.  Reasonableness of Travelers' Request for Attorneys' Fees

A finding of Travelers' entitlement to attorneys' fees does not end the inquiry, however. As noted above, Kearney argues that Travelers has not met its burden of proving the reasonableness of the hourly rates sought and the number of hours expended. I agree with Kearney in large part.

Because this is a diversity case, the determination of the reasonableness of attorneys' fees is governed by Florida law. *See Unum Life Ins. Co. of Am. v. Pawloski*, 2014 WL 3887513, at *1 (M.D. Fla. Aug. 7, 2014) (citing *All Underwriters v. Weisberg*, 222 F.3d 1309, 1311-12 (11th Cir. 2000)). Under Florida law, attorneys' fees are calculated using the federal lodestar approach. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 802 (11th Cir. 2014) (citing *Fla. Patient's Comp. Fund v. Rowe,* 472 So. 2d 1145, 1151-52 (Fla. 1985)). As its name suggests, the lodestar "method requires the court to determine a 'lodestar figure' by multiplying the number of hours reasonably expended on the litigation by a

---

[5] While I find that Travelers is entitled to attorneys' fees and costs in prosecuting the proceedings supplementary against FTBB, I recommend that the Court leave for another day

reasonable hourly rate for the services of the prevailing party's attorney." *Pawloski*, 2014 WL 3887513, at *1 (citing *Rowe*, 472 So. 2d at 1151).

In making this determination, Florida law dictates that the court consider the following factors:

> (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.
>
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
>
> (3) The fee customarily charged in the locality for similar legal services.
>
> (4) The amount involved and the results obtained.
>
> (5) The time limitations imposed by the client or by the circumstances.
>
> (6) The nature and length of the professional relationship with the client.
>
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
>
> (8) Whether the fee is fixed or contingent.

*Rowe*, 472 So. 2d at 1150; *see also* Rule 4-1.5(b), Florida Rules of Professional Conduct.

---

whether any of the fees or costs Travelers incurred in the related Regions Case or in the state-court interpleader action may reasonably be awarded under the statute as well.

The fee applicant bears the burden of proving the reasonableness of both the hourly rates sought and the amount of time expended. *Rowe,* 472 So. 2d at 1151; *see also Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

On the matter of the reasonableness of the requested hourly rates, the Eleventh Circuit has explained:

> A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. . . . The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. . . . Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . . It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. . . . Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence.

*Norman*, 836 F.2d at 1299 (internal citations and quotations omitted); *see also Rowe*, 472 So. 2d at 1150-51 (discussing factors relevant to the hourly rate evaluation).

In addition to the evidentiary requirements set forth in *Norman*, "the attorney fee applicant should present records detailing the amount of work performed," and should "claim only those hours that he could properly bill to his client." *Rowe,* 472 So. 2d at 1150. "A well-prepared fee petition also [sh]ould include a summary, grouping the time entries by the nature of the activity or stage of the case." *Norman*,

836 F.2d at 1303; *see also Am. Civil Liberties Union v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999).

By my consideration, Travelers' motion falls far short of the standards for a well-prepared fee petition. Travelers' bare-bones motion provides little to no insight, for example, into the reasonableness of the hourly rates charged by MPD attorneys and paralegals. Although Ms. Adams indicates in her affidavit that she has more than twenty years' experience practicing in this area, she does not specifically identify her hourly rate in her affidavit, much less attempt to provide evidence of comparable rates, prior awards, or opinion evidence as to the reasonableness of her rate.

Moreover, neither the motion nor Ms. Adams' affidavit identifies the other attorneys who worked on this file or their hourly rates.[6] By my review of the billing records, it appears that at least two partners, three associates, and a paralegal expended time on this matter. Yet, with respect to these individuals, Travelers and Ms. Adams do not provide any information for the Court's review in determining the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.

Travelers' motion is similarly infirm with respect to the reasonableness of the number of hours expended. Once again, Travelers' sparse motion provides the Court

---

[6] The Court has instead been left to glean Ms. Adams' hourly rates, as well as those of the other individuals, from the voluminous billing records attached to her affidavit.

with little basis upon which to conclude that such time was reasonable. As noted above, Ms. Adams attests that her firm expended 2,151.3 hours over an approximately two-and-a-half-year period. (Doc. 875-1 at 3). Notably, however, she does not aver that this amount of time is reasonable, nor does Travelers otherwise provide any opinion evidence on the matter. Indeed, Travelers makes no attempt to explain why such a large amount of time was necessary or warranted to litigate these proceedings supplementary (and other collections activities, which Travelers summarily asserts are "related").

Instead, Travelers leaves the Court in the unenviable position of having to sift through 270 pages worth of billing records in an effort to discern what time entries properly relate to the proceedings supplementary and what time reasonably should be awarded. Deciphering these voluminous billing records is a difficult task for several reasons. For starters, many of the entries are simply too vague or too cryptic to allow the Court to make an informed assessment regarding the nature of the work done and the reasonableness of that work. There is also a utilization of block billing, which makes the reasonableness determination even more problematic.[7] In addition, the records are heavily redacted, making it often impossible to discern the nature of the work being performed.

---

[7] Fee applicants generally should refrain from using "'block billing' that combine[s] into one block different entries for different type[s] of work." *Kearney v. Auto–Owners Ins. Co.,* 713 F.Supp.2d 1369, 1375 (M.D. Fla. 2010); *see also Steffen v. Senterfitt,* No. 8:04-cv-1693-T-24MSS, 2007 WL 1601750, at *5 (M.D. Fla. June 1, 2007) ("Block-billing makes it very difficult for a court to determine the specific amount of time spent by an attorney . . . on each task.").

To compound these difficulties, despite a studied examination of the billing records, I am unable to cull out those hours that relate solely to the proceedings supplementary, and not to other matters. Indeed, a substantial number of the entries appear to pertain to garnishment proceedings directed to USAmeriBank, BB&T, and others; unrelated collections efforts; and general post-judgment discovery matters. Although I recognize that the proceedings supplementary may be intertwined or otherwise overlap with other collections efforts, Travelers makes no effort to explain or justify awarding fees (or costs) for these tangential matters.

Accordingly, rather than waste significant judicial resources in going line-by-line through each time entry to determine if such time is awardable and reasonable (or, alternatively, making a significant across-the-board cut), I recommend that the Court deny without prejudice Travelers' motion as it relates to the amount of attorneys' fees and provide it with an opportunity to submit a <u>well-prepared, renewed</u> attorneys' fee motion. I caution Travelers, however, that in making its renewed motion, it should exercise billing judgment and seek only fees incurred in or properly related to the proceedings supplementary against FTBB.

### III.     Travelers' Request for Costs

I likewise recommend that Travelers' request for $7,907.47 in costs be denied without prejudice. Notably, Travelers fails to explain what these costs entailed and why they should be considered "reasonable and just," as mandated by Florida Statute section 56.29(8). Travelers also does not provide an itemization of the costs incurred and again leaves the Court to scour the billings records for a description of

these expenses. *See Brivik v. Murray*, No. 8:11-cv-2101-T-33TGW, 2014 WL 1576721, at *4 (M.D. Fla. Apr. 18, 2014) ("The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses.") (citing *Loranger v. Stierham*, 10 F.3d 776, 784 (11th Cir. 1994)).

  In addition, by my review of MPD's billing records, many of the cost-related entries are vague, duplicative, and/or appear unrelated to the proceedings supplementary. In fact, many of the costs seem to relate to garnishment actions or other collections efforts not necessarily tied to these proceedings. The records, for example, contain entries for "garnishee's compensation for costs and attorney's fees [for] Branch Banking and Trust Company" (Doc. 875-1 at 23); "service of process served on Branch Banking and Trust Company," *id.* at 41; "service of process served on USAmeriBank," *id.*; a witness fee for Tonya Nuhfer-Kearney, *id.* at 57; parking costs, *id.* at 106; lunch with the client, *id.*; cost of recording a certified judgment, *id.* at 107; and unidentified Federal Express charges, *id.* at 128.

  Although I again recognize that these proceedings supplementary may be intertwined with other collections efforts, without some effort on Travelers' part to explain the costs it seeks, I am not inclined to attempt to extract those costs that properly relate to the FTBB matter and should therefore be taxed.

  Furthermore, I am of the opinion that Travelers should have filed a bill of costs with the Clerk of Court in the first instance. In this regard, Federal Rule of

Civil Procedure 54(d)(1) states: "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). Commentators have observed that "[t]he function of the court [pursuant to Rule 54(d)(1)] in the process of taxing costs is merely to review the determination of the clerk. Therefore, nothing normally can come before the court until the clerk has acted and an objection has been made." 10 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2679 (3d ed. 1998); *accord Brown v. Columbia Sussex Corp.*, No. 8:12-CV-1278-T-27EAJ, 2014 WL 12614502, at *2 n.5 (M.D. Fla. May 27, 2014).[8]

This means that, as the prevailing party, the proper procedure is for Travelers to file a verified bill of costs with the Clerk. In that bill of costs, Travelers should set forth with particularity those costs it seeks and attach an itemization and documentation for all requested costs. *See* Form AO 133, Bill of Costs (available at http://www.uscourts.gov/sites/default/files/ao133.pdf). Within the seven-day time frame provided by Rule 54(d)(1), Kearney may object and seek judicial review.

---

[8] I recognize that Local Rule 4.18 supports the filing of a motion ("all claims for costs or attorney's fees . . . shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment"). Under the particular circumstances here, however, I find that the better course is for Travelers to first file with the Clerk a separate bill of costs with supporting documentation.

I caution Kearney in this regard that if he seeks to challenge any costs, he must clearly delineate those specific costs to which he objects. *See Payne v. C. R. Bard, Inc.*, No. 6-11-cv-1582-OR137GJK, 2015 WL 12850600, at *1 (M.D. Fla. Aug. 21, 2015), *report and recommendation adopted*, 2015 WL 12859408 (M.D. Fla. Oct. 21, 2015) (the burden lies with the challenging party to show that the costs are not taxable).

## CONCLUSION

For the reasons set forth above, I recommend that *Travelers Casualty & Surety Company of America's Renewed Motion for Attorneys' Fees and Costs* (Doc. 875) be GRANTED in part and DENIED in part as follows:

(1)   The motion should be granted insofar as Travelers is entitled to an award of reasonable attorneys' fees and costs under Fla. Stat., § 59.29(8);

(2)   The motion should be denied without prejudice as to the reasonable amount of attorneys' fees to be awarded, with leave to file a renewed, well-prepared fee motion within fourteen (14) days of the Court's Order; and

(3)   The motion should be denied without prejudice as to costs, with leave to file a verified bill of costs, with detailed documentation of the reasonable costs Travelers seeks, also within fourteen (14) days of the Court's Order.

Respectfully submitted this 12th day of July 2018.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable James S. Moody, United States District Judge
Counsel/parties of record