UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEARNEY CONSTRUCTION
COMPANY LLC,

      Plaintiff,

v.

TRAVELERS CASUALTY        Case No. 8:09-cv-1850-T-30CPT
SURETY COMPANY OF AMERICA,

      Defendant/Third Party Plaintiff,

v.

KEARNEY CONSTRUCTION
COMPANY, LLC, *et al.*,

      Third Party Defendants.

_____/

TRAVELERS CASUALTY &
SURETY COMPANY OF AMERICA,

      Plaintiff,

v.

FTBB, LLC,

      Defendant.

_____/

**REPORT AND RECOMMENDATION
IN PROCEEDINGS SUPPLEMENTARY**

This matter is before me on referral for consideration of (1) *Travelers Casualty*

*& Surety Company of America's [Second] Renewed Motion for Attorneys' Fees* (Doc. 945)

and (2) Travelers' *Bill of Costs* (Doc. 954).  For the reasons discussed below, I respectfully recommend that the Court grant Travelers' requests in part.

I.

The Court previously found that Travelers is entitled to an award of reasonable attorneys' fees and costs against Bing Charles W. Kearney pursuant to Florida's proceedings supplementary statute, section 59.29(8).  (Docs. 936, 938).  The prior Report and Recommendation the Court adopted in arriving at that finding outlines the background and history of this action.  (Doc. 936).  As such, this Report and Recommendation concerns only the reasonable amount of attorneys' fees and the appropriate taxable costs to be awarded.

II.

*Attorneys' Fees*

Because this is a diversity case, the determination of the reasonableness of attorneys' fees is governed by Florida law.  *Unum Life Ins. Co. of Am. v. Pawloski*, 2014 WL 3887513, at *1 (M.D. Fla. Aug. 7, 2014) (citing *All Underwriters v. Weisberg*, 222 F.3d 1309, 1311-12 (11th Cir. 2000)).  Under Florida law, attorneys' fees are calculated using the federal lodestar approach.  *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 802 (11th Cir. 2014) (citing *Fla. Patient's Comp. Fund v. Rowe,* 472 So. 2d 1145, 1151-52 (Fla. 1985)).  As its name suggests, the lodestar "method requires the court to determine a 'lodestar figure' by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney."  *Pawloski*, 2014 WL 3887513, at *1 (citing *Rowe*, 472 So. 2d at 1151).

2

In making this determination, Florida law dictates that the court consider the following factors:

(1)     The time and labor required, the novelty and difficulty of the question(s) involved, and the skill requisite to properly perform the legal service(s).

(2)     The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3)     The fee customarily charged in the locality for similar legal services.

(4)     The amount involved and the results obtained.

(5)     The time limitations imposed by the client or by the circumstances.

(6)     The nature and length of the professional relationship with the client.

(7)     The experience, reputation, and ability of the lawyer(s) performing the services.

(8)     Whether the fee is fixed or contingent.

*Rowe*, 472 So. 2d at 1150; *see also* Rule 4-1.5(b), Florida Rules of Professional Conduct.

The fee applicant bears the burden of proving the reasonableness of both the hourly rates sought and the amount of time expended.  *Rowe*, 472 So. 2d at 1151; *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In this regard, "the attorney fee applicant should present records detailing the amount

3

of work performed" and should "claim only those hours that he could properly bill to his client." *Rowe,* 472 So. 2d at 1150.

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).   In making this computation, the court is not tethered to the parties' submissions.   Instead, as the court "'is itself an expert on the question [of attorneys' fees, it] may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Norman*, 836 F.2d at 1303 (quotation and citations omitted).

In this case, Travelers was represented by the law firm of Mills Paskert Divers (MPD) and claims to have incurred attorneys' fees totaling $258,336.00 between June 1, 2015 (the date Travelers initiated the proceedings supplementary), and October 19, 2017 (the date the Eleventh Circuit affirmed the Judgment against Defendant FTBB).   (Doc. 945).   In support of its claim, Travelers submits the affidavit of one of its lawyers, Matthew G. Davis, along with approximately 300 pages of MPD's billing records (Doc. 945-1),[2] as well as the affidavit of an independent attorney, Luis Martinez-Monfort, who attests that the hourly rates of Travelers' legal team and the amount of time expended are reasonable (Doc. 945-2).

---

[2] As noted in Davis's affidavit, the billing records are redacted to omit all entries that are not related to the proceedings supplementary.   *Id.* at 2-3.

The requested hourly rates, hours expended, and total fee amounts Travelers seeks are summarized in the chart below:

| Attorney/Paralegal | Hourly Rates | Hours Expended | Fees |
|---|---|---|---|
| E.A. Mills | $265/$285 | 10.8 | $2,874.00 |
| Brett D. Divers | $265 | 1.5 | $397.50 |
| Ali Adams | $265/$285 | 427.2 | $113,353.50 |
| Matthew G. Davis | $215/$230 | 415.1 | $89,476.00 |
| Jordan Miller | $215/$230 | 73.2 | $15,738.00 |
| Robert C. Graham | $190 | 65.4 | $12,426.00 |
| Jennie Z. Lippert | $265 | 89.3 | $18,306.50 |
| Jennifer L. Garoutte (paralegal) | $105 | 54.9 | $5,764.50 |
| TOTAL | | 1,137.4 | $258,336.00 |

In opposition, Kearney asserts that the fees Travelers seeks are excessive, the billing invoices are inadequate for the Court to properly assess the reasonableness of the work performed, and Martinez-Monfort's affidavit is insufficient to justify the reasonableness of the requested hourly rates and the hours spent on the case. (Doc. 952).

### A.     Reasonableness of Hours Expended

The lodestar process first requires a determination of the number of hours reasonably expended on the litigation. *Rowe*, 472 So. 2d at 1150. The courts have the discretion in this regard to reduce the number of hours claimed to account for services that were excessive, unnecessary, or inadequately documented. *Id.*

Here, Travelers claims it has "meticulously reviewed all of its billing entries and has included in this fee application only the entries reflecting hours expended that directly relate to the proceedings supplementary." (Doc. 945 at 11). The time spent includes significant motion practice, substantial discovery review and

5

production, robustly contested discovery disputes, court appearances (including a two-day evidentiary hearing), and an appeal to the Eleventh Circuit. *Id.* at 6. Travelers submits that the complexity of the issues and FTBB's vigorous defense of the matter necessitated the more than 1,000 hours of documented legal work. *Id.*

In determining whether these hours were reasonable, I have considered the applicable *Rowe* factors, with a particular focus on the time and labor required to litigate this case, the novelty and difficulty of the questions presented, the skill required to properly perform the legal services involved, the amount of money at issue, and the results obtained. *Rowe*, 472 So. 2d at 1150. Based on my analysis, I find that a modest across-the-board cut in the requested fee amount is appropriate.

I begin by noting that this contentious and heavily litigated action centered around competing priority liens in two garnishment proceedings over bank accounts totaling more than $1 million. Travelers uncovered, and ultimately proved, that Kearney concocted and orchestrated a scheme using FTBB to block the efforts of Travelers (and perhaps other creditors) to collect upon Kearney's personal property. In prosecuting its case through a successful appeal to the Eleventh Circuit, Travelers met with vigorous opposition from Kearney and his allies at nearly every turn. Suffice it to say that the proceedings were hard fought on both sides and resulted in considerable motion practice and discovery disputes. The case also entailed some particularly novel and difficult procedural and substantive questions regarding intertwined garnishment matters, collusion, and equitable subordination. After a partial disposition of the action on summary judgment, the case proceeded to a two-

6

day evidentiary trial, at which Travelers ultimately prevailed.  Dissatisfied with the Court's ruling, FTBB appealed, and, after full briefing on the matter, the Eleventh Circuit affirmed the Court's decision.  In light of these circumstances, a considerable amount of time was warranted and reasonable.

That being said, upon my review of the billing records, I find that there is also some evidence of similar tasks performed by more than one attorney; excessive hours expended reviewing and revising discovery matters; inordinate hours spent analyzing and finalizing motions; a notable numbers of hours devoted to conferences and communications between attorneys within the same firm; and work conducted by counsel which would have been better left to paralegals or clerical staff.

In addition, while perhaps inevitable given the overlapping issues between the proceedings supplementary and the garnishment action involving USAmeriBank, there appear to be many entries related to the writ of garnishment.  As Kearney correctly points out (Doc. 952 at 13), these entries include work related to compiling several summary judgment motions on the garnishment case.  Given the fact that Travelers received its attorneys' fees relative to the garnishment action via an agreement with USAmeriBank, *see* (Docs. 930, 934), I find no basis to award Travelers such fees a second time.

Where, as here, "a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."  *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam); *see also Galdames*

*v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011) ("If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease.") (quoting *Bivins,* 548 F.3d at 1350).   An across-the-board reduction is appropriate where the fee motion and supporting documentation are so voluminous as to render an hour-by-hour review "impractical and a waste of judicial resources."  *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).

While I recognize that a lump sum or across-the-board percentage reduction is not the favored approach, the hundreds of pages of billing records at issue here preclude the use of line-by-line, entry-by-entry cuts.   In the interest of judicial economy, the most prudent way to resolve this matter is by instead employing an across-the-board reduction.  Upon careful examination of the records submitted, an application of the pertinent factors, and a consideration of the course of the proceedings, I find it appropriate to decrease the claimed hours by 25%. Accordingly, I find that the reasonable hours expended equal 853.05.

B.      *Reasonableness of Hourly Rates*

As noted above, "[t]he second part of the lodestar equation requires the court to determine a reasonable hourly rate for the services of the prevailing party's counsel."  *Pawloski*, 2014 WL 3887513, at *2; *see also Rowe*, 472 So. 2d at 1150-51 (discussing factors relevant to the hourly rate evaluation).  After careful evaluation of the relevant factors here, I find that the requested hourly rates set forth in the above summary chart are reasonable and appropriate.  In making this determination, I have

8

given due attention to the affidavits submitted, fee awards in similar cases in the relevant legal community, and my own knowledge and experience concerning reasonable and proper fees.   Despite Kearney's protestations to the contrary, the hourly rates requested—with attorneys ranging from $285 for partners to $190 for associates and $105 for paralegals—are well within the rates charged for similar work in this geographic area.

III.

*Costs*

In addition to requesting attorneys' fees, Travelers seeks reimbursement of $7,163.15 in costs, comprised of (1) $7,128.15 for deposition and hearing transcription costs and (2) $35 for witness fees.  (Doc. 954).[3]  Kearney generally objects to the award of costs and specifically contests the charge for the transcription of his deposition, which he asserts was unnecessarily ordered on an expedited basis. (Doc. 953).

Although this is a diversity action, the amount and nature of costs to be awarded is governed by federal law.  *Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983) (reversing district court order taxing costs in excess of those authorized under federal statute in diversity action); *Diperna v. GEICO Gen. Ins. Co.*, 2016 WL 7246094, at *8 (M.D. Fla. June 27, 2016) ("[F]ederal law generally determines what costs may be awarded to a prevailing party in federal court, even

---

[3] Travelers originally filed its Bill of Costs on August 10, 2018, and provided invoices in support of those costs.  (Doc. 946).  Because Travelers used the incorrect form, however, the Bill of Costs was refiled on August 29, 2018.  (Doc. 954).

when a federal court exercises diversity jurisdiction."); *Kearney v. Auto-Owners Ins. Co.*, 2010 WL 3062420, at *2 (M.D. Fla. Aug. 4, 2010) (applying the traditional rule that federal law governs costs even on state law claims because costs are generally viewed as a procedural matter).

Federal Rule of Civil Procedure 54(d) provides that costs, other than attorneys' fees, "should be allowed to the prevailing party" unless a federal statute, federal rule, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). This rule creates a presumption in favor of awarding costs to the prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

Courts, however, may only tax those costs that are explicitly authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). The applicable statute, 28 U.S.C. § 1920, allows the following costs to be taxed: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreter services. 28 U.S.C. § 1920. The party seeking taxation bears the burden of proving entitlement to these enumerated costs. *Loranger*, 10 F.3d at 784. Each category of costs sought by Travelers is addressed in turn below.

10

*A.   Transcription Fees*

Rule 54 and 28 U.S.C. § 1920 authorize a prevailing party to recover the costs of the court reporter for printed or electronically recorded transcripts necessarily obtained for use in the case. *U.S. Equal Emp't Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). Here, Travelers requests the costs associated with six depositions, as well as transcription of the summary judgment hearing and the trial. (Doc. 954 at 3). As noted, Kearney objects only to the charge for the expedited transcription of his deposition. (Doc. 953 at 4-5); *see also* (Doc. 946-5).

Putting aside the Kearney deposition for the moment, the unobjected-to transcription costs appear reasonable and necessarily obtained for use in this case. Each of the witnesses deposed played an integral role in the proceedings and the court transcripts were important to briefing the issues presented. Such costs of $5,414.25 should therefore be awarded.

With regard to the Kearney deposition, however, the requested $1,713.90 amount is disproportionate to the others. The invoice reflects the bulk of that bill— $1,436.40—was for "Expedited original/rough draft." (Doc. 946-5). The weight of authority in this area is that such rough draft and expedited costs incurred merely for the convenience of counsel are not taxable. *See Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012); *Awwad v. Largo Med. Ctr., Inc.*, 2013 WL 6198856, at *4 (M.D. Fla. Nov. 27, 2013); *Tampa Bay Water v. HDR Eng'g, Inc.*, 2012 WL 5387830, at *19 (M.D. Fla. Nov. 2, 2012); *Lehman Bros. Holdings, Inc. v. Hirota*, 2010 WL 3043653, at *4 (M.D. Fla. July 30, 2010); *Cardinale v. S. Homes of Polk Cty., Inc.*, 2008

WL 2199273, at *1 (M.D. Fla. May 27, 2008); *Davis v. Sailormen, Inc.*, 2007 WL 1752465, at *4 (M.D. Fla. June 15, 2007).  Because I am unable to determine what the regular transcription cost would be without the additional expedited and rough draft charges, I find that the amount for Kearney's deposition should be reduced by $1,436.40 to a taxable amount of $277.50.

*B.  Witness Fees*

The recovery of witness fees under 28 U.S.C. § 1920(3) is limited by 28 U.S.C. § 1821, which authorizes travel reimbursement and a $40 per diem.  *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 126 S. Ct. 2455, 2460 (2006).  Under section 1821, witness fees and allowances shall be paid to "a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States."  28 U.S.C. § 1821(a).  Travelers seeks witness fees in the amount of $35 for the appearance of one witness.  Given that witness fees are authorized by statute, I recommend that such fees be awarded.

IV.

For the reasons set forth above, I recommend:

1.    *Travelers Casualty & Surety Company of America's [Second] Renewed Motion for Attorneys' Fees* (Doc. 945) be granted in part and denied in part, and the Court award Travelers attorneys' fees against Kearney in the amount of $193,752;

12

    2.     Travelers' request for costs (Doc. 954) be granted in part and denied in part, and the Court tax costs against Kearney in the amount of $5,726.75.

    Respectfully submitted this 28th day of June 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable James S. Moody, United States District Judge
Counsel/parties of record