UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEARNEY CONSTRUCTION
COMPANY LLC,

    Plaintiff,

v.

TRAVELERS CASUALTY &                   Case No. 8:09-cv-1850-T-30CPT
SURETY COMPANY OF AMERICA,

    Defendant/Third Party Plaintiff,

v.

KEARNEY CONSTRUCTION
COMPANY, LLC, et al.,

    Third Party Defendants.
_____/

**O R D E R**

This matter is before the Court on *Travelers Casualty & Surety Company of America's Amended Motion for Proceedings Supplementary, Motion to Void Bing Kearney's Fraudulent Transfer of His Interest in Property, Motion for Leave to File a Notice of Lis Pendens and Complaint, and Motion to Implead Clayton Kearney and Olga Kearney.* (Doc. 970). The Court heard oral argument on these motions on December 2, 2019. For the reasons set forth below, Travelers' motion is granted in part and denied in part.

I.

In October 2011, the Court entered Judgment in favor of Travelers and against Bing Charles W. Kearney, Jr. (Bing Kearney) and others in the amount of $3,750,000. (Doc. 244). Since then, according to Travelers, it has been unable to collect on the Judgment, despite a number of attempts to do so. As part of its ongoing collections efforts, Travelers moved in October 2019 pursuant to Federal Rule of Civil Procedure 69 and Section 56.29 of the Florida Statutes to initiate proceedings supplementary with respect to certain real property, in which Bing Kearney and his son, Clayton Kearney (Clayton), each held a 50% interest.[1] (Doc. 968). In its motion, Travelers requested permission to file a *lis pendens* against this property, as well as a complaint seeking a levy and sale of the property in aid of execution on the Judgment. Travelers also requested that it be allowed to implead Clayton and that Bing Kearney be enjoined from alienating his interest in the property while the proceedings supplementary were pending. *Id.*

Within hours of Travelers filing its motion, Bing Kearney recorded a Quit Claim Deed transferring his interest in the property to Clayton and his wife, Olga.[2] (Doc. 969-1). In his subsequent response to Travelers' motion, Bing Kearney argued that Clayton purchased the property with insurance proceeds he received as a result of a motor vehicle accident in which he was almost killed, and that Bing Kearney's

---

[1] This real property is located at 1173 Shipwatch Circle, Tampa, Florida.
[2] The time stamp on the Quit Claim Deed reflects that it was recorded approximately three hours after Travelers filed its motion.

name had been included on the title solely so that he could maintain "parental oversight" of Clayton's management of the property while he recovered from his injuries. (Doc. 969). Bing Kearney further asserted that the property, now fully owned by Clayton and Olga, was the couple's homestead and was therefore protected against a forced sale by the Florida Constitution. *Id*.

Given the change in circumstance outlined in Bing Kearney's response, Travelers filed the instant amended motion. (Doc. 970). In this submission, Travelers requests relief similar to that outlined in its initial motion, except that it now seeks to implead both Clayton and Olga and to void what it characterizes as Bing Kearney's fraudulent transfer of the property to the couple.

In response, Bing Kearney reiterates that he never held a beneficial interest in the property and that his transfer of the property to Clayton and Olga simply reflects the correct chain of title. (Doc. 976). He additionally asserts that, because his son and daughter-in-law's homestead property is exempt from execution, Travelers should be prohibited from instituting meritless litigation against them. *Id.*

II.

Proceedings supplementary to and in aid of a judgment or execution "are a useful, efficacious, and salutary remedy at law enabling [a] judgment creditor not only to discover assets which may be subject to [its] judgment, but to subject them thereto by a speedy and direct proceeding in the same court in which the judgment was recovered." *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours & Co.*, 2012 WL 12950042, at *2 (S.D. Fla. July 12, 2012) (italics and internal quotation marks

removed). Federal Rule of Civil Procedure 69 provides that proceedings supplementary must accord with the procedure of the state where the court is located. Fed. R. Civ. P. 69(a)(1). Section 56.29 of the Florida Statutes governs such proceedings in this state.

The purpose of that statute is to provide a mechanism "for a judgment creditor 'to ferret out what assets the judgment debtor may have or what property of his others may be holding for him, or may have received from him to defeat the collection of the lien or claim, that might be subject to the execution.'" *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1119 (Fla. Dist. Ct. App. 2018) (quoting *Young v. McKenzie*, 46 So. 2d 184, 185 (Fla. 1950)).

Section 56.29 provides, in relevant part:

> When any judgment creditor holds an unsatisfied judgment or judgment lien . . . , the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

Fla. Stat. § 56.29(1).

By its terms, section 56.29(1) imposes "two jurisdictional prerequisites . . . for supplementary proceedings[:] (1) an unsatisfied writ of execution, and (2) an affidavit averring that the writ is valid and unsatisfied." *Gen. Trading, Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997). Once a movant has satisfied these two requirements, it is entitled to commence proceedings

supplementary, and "the court has no discretion to deny" that relief. *Longo*, 236 So. 3d at 1119 (internal quotations and citations omitted).

As Bing Kearney effectively conceded at oral argument, Travelers has met these two requirements here. It has filed the requisite affidavit attesting that it holds a valid, unsatisfied judgment and that the Clerk of Court has issued a writ of execution, which also remains valid and outstanding. (Doc. 970-2). As such, Travelers is authorized to initiate proceedings supplementary with respect to the property in aid of execution of the Judgment.

Travelers' remaining requests for relief require further discussion, however. As noted, this relief includes filing a complaint in the proceedings supplementary to unwind Bing Kearney's allegedly fraudulent transfer of his interest in the property to Clayton and Olga and impleading these two third parties. In support of this request, Travelers cites section 56.29, as well as various provisions of Florida's Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.101, *et seq.*

After careful consideration of the matter, the Court finds that Travelers' request to pursue a fraudulent transfer claim as part of the proceedings supplementary is well founded. Subsection (9) of section 56.29 states, in pertinent part:

> The court may entertain claims concerning the judgment debtor's assets brought under [Florida Statute] chapter 726 and enter any order or judgment, including a money judgment against any initial or subsequent transferee, in connection therewith, irrespective of whether the transferee has retained the property. Claims under chapter 726 brought under this section shall be initiated by a supplemental

complaint and served as provided by the rules of civil procedure, and the claims under the supplemental complaint are subject to chapter 726 and the rules of civil procedure.

Fla. Stat. § 56.29(9).

As this language makes clear, under Florida law, a party may bring a chapter 726 fraudulent transfer claim in a proceedings supplementary via a "'supplemental complaint . . . served as provided by the rules of civil procedure.'" *In re British Am. Ins. Co. Ltd.*, 607 B.R. 753, 758 (S.D. Fla. Sept. 26, 2019) (quoting Fla. Stat. § 56.29(9)). Florida law also makes clear that any third-party stakeholders in such an action must be impleaded. *Kennedy v. RES-GA Lake Shadow, LLC*, 224 So. 3d 931, 933 (Fla. Dist. Ct. App. 2017) ("After a party initiates proceedings supplementary, a creditor may pursue assets held by the debtor, assets of the debtor held by another, or assets that have been fraudulently transferred to another. *But the rights of any third party interest-holders must be accounted for by impleading them into the proceeding and allowing them to defend their interests*.") (citing Fla. Stat. § 56.29; *Biel Reo, LLC v. Barefoot Cottages Dev. Co., LLC*, 156 So. 3d 506, 508 (Fla. Dist. Ct. App. 2014)) (emphasis added).

Notably, Bing Kearney does not assert that Travelers is procedurally foreclosed under section 56.29 from impleading Clayton and Olga or from filing a supplemental complaint alleging a fraudulent transfer claim under chapter 726. Nor does Bing Kearney contest Travelers' request that it be allowed to record a *lis pendens* against the property while the proceedings supplementary are pending. Indeed, at

6

least with respect to impleading Clayton and Olga, Bing Kearney ultimately agreed at oral argument that the couple must be brought into the proceedings so that they can protect their interests in the property.

Bing Kearney's main contention instead, as noted, is that the property now constitutes Clayton and Olga's homestead and is thus exempt from execution. As Bing Kearney acknowledged at oral argument, however, such a contention requires an assessment on the merits of Travelers' claim(s) and is not yet ripe for adjudication.

III.

Accordingly, in light of the above, the Court hereby ORDERS as follows:

1. *Travelers Casualty & Surety Company of America's Amended Motion for Proceedings Supplementary, Motion to Void Bing Kearney's Fraudulent Transfer of his Interest in Property, Motion for Leave to File a Notice of Lis Pendens and Complaint, and Motion to Implead Clayton Kearney and Olga Kearney* (Doc. 970) is granted in part and denied in part.

2. Travelers' motion is granted to the extent it is permitted to initiate proceedings supplementary in aid of execution of the Judgment against Bing Kearney, to file a supplemental complaint, and to record a *lis pendens* against the property at 1173 Shipwatch Circle, Tampa, Florida.

3. In order to effectuate the requested impleader, Travelers shall properly serve Clayton and Olga Kearney with the supplemental complaint in accordance with Florida Statute § 56.29(9).

4. To the extent Travelers seeks to void Bing Kearney's allegedly fraudulent transfer of the property at this juncture, that request is denied without prejudice pending an adjudication of the merits of Travelers' claim(s) yet to be pleaded in the supplemental complaint.

DONE and ORDERED in Tampa, Florida, this 19th day of December 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Any unrepresented party